DECISION
{¶ 1} Defendant-appellant, Anthony K. Brown ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying appellant's petition for post-conviction relief, in which appellant moved the trial court to vacate or set aside his sentence.
 {¶ 2} On December 24, 2003, appellant was indicted for two counts of trafficking in cocaine, both fourth-degree felonies. On June 11, 2004, appellant was indicted for one count of rape, a first-degree felony. After negotiations, an agreement was reached wherein, one count of trafficking was dismissed in exchange for appellant's plea of guilty to one count of trafficking in cocaine and one count of rape with a jointly recommended sentence of five years for the rape charge to run concurrent to a sentence for the trafficking charge. On July 29, 2004, after entering a guilty plea to one count of trafficking in crack cocaine, and one count of rape, the trial court sentenced appellant, pursuant to the joint recommendation, to 12 months on the trafficking in cocaine charge concurrent with five years on the rape charge. Thereafter, on September 27, 2004, appellant filed a petition for post-conviction relief. The trial court denied said petition on February 10, 2005. It is from this decision that appellant appeals.
 {¶ 3} Appellant is not contesting the trafficking conviction, but is only contesting the rape conviction. The following facts surrounding the rape were read into the record by appellee. On May 29, 2004, at approximately 7:52 a.m., appellant arrived at the residence of Tina Pharion, the victim, and appellant's ex-girlfriend, to pick up some clothes. Ms. Pharion terminated their relationship due to appellant's crack addiction. Ms. Pharion's two daughters were present when appellant arrived. Appellant accused Ms. Pharion of being with another man. Appellant tried to pull Ms. Pharion upstairs, but one of her daughters blocked the stairwell. Appellant ordered the girls to go downstairs, and they complied. Appellant walked upstairs to Ms. Pharion's bedroom to get her cell phone. Ms. Pharion followed him upstairs, and once inside the room, appellant became agitated and forced vaginal intercourse.
 {¶ 4} On appeal, appellant raises the following four assignments of error:
[1.] Misconduct by Counsel Purposely Withholding Facts, and Mitigating Factors, Away from the Defendant to Gain A (sic) Unwarranted Plea.
[2.] Pre-trial investigator was not sent out for mitigating factors.
[3.] Broken Plea Agreement, Misleading the Defendant.
[4.] Misconduct of Counsel, for Purposely not Pulling Back Plea.
 {¶ 5} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Jackson (1980),64 Ohio St.2d 107, 110. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v. Calhoun (1999), 86 Ohio St.3d 279, 291. In a petition for post-conviction relief asserting ineffective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Jackson,
syllabus. "General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." Id. at 111. See, also, State v. Pankey (1981), 68 Ohio St.2d 58
(holding appellant's broad conclusory statements, as a matter of law, do not meet the requirements for an evidentiary hearing under Jackson).
 {¶ 6} Additionally, the United States Supreme Court set forth a two-pronged analysis to be applied when reviewing an ineffective assistance of counsel claim. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. According to Strickland:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687.
 {¶ 7} In his first claim for relief, appellant alleges that he was not provided with the discovery that was requested by his trial counsel. Appellant argues that because the discovery would have divulged that the victim, Tina Pharion, was appellant's "live in girlfriend before and during the rape charge," the court would not have convicted him of the rape charge to which he entered a plea of guilty.
 {¶ 8} This argument fails for several reasons. First, appellant is arguing that defense counsel did not share the discovery material with him; however, appellant has provided no evidence to support this claim.[1] Second, as stated by appellee, there is nothing in the Ohio rape statute prohibiting a person from being convicted of rape of a live-in, or a former live-in, girlfriend. Additionally, the trial court was fully aware that Ms. Pharion was appellant's former girlfriend, as it was read into the record by appellee that "[Ms. Pharion] terminated their relationship on May 23rd [six days prior to the incident] due to his crack addiction," and that appellant "was to come over and pick up some clothes." (July 24, 2004 Tr. at 9.) Thus, appellant's claim is not only unsubstantiated, but appellant has failed to show that the court would have had any additional information (that it already had), or that the court would not have convicted him of the rape to which he had entered a plea of guilty. Accordingly, we overrule appellant's first assignment of error.
 {¶ 9} In his second claim for relief, appellant argues that his counsel was ineffective for failing to send an investigator to investigate mitigating factors relating to the rape charge. However, appellant has not only failed to provide any evidence in support of this claim, but has also failed to identify any mitigating factors that could have been found. Additionally, appellant takes issue with the fact that he was "never given the chance to cross-examine the victim in any of the proceedings," and appears to be challenging the sufficiency of the evidence.
 {¶ 10} It is well-founded that upon entering a plea of guilty, a defendant waives his right to cross-examine witnesses at trial. Pursuant to Crim.R. 11, the trial court asked appellant, among other things, if he understood that a plea of guilty would foreclose a trial and the rights lost when a trial does not occur, including the right to subpoena witnesses on his behalf, and the right to cross-examine witnesses. At no point did it appear as if appellant did not fully understand the purpose and result of the proceedings. In fact, when asked if he understood the rights lost when a trial does not occur, appellant answered, "Yes, I do," to all of them. (Tr. at 4-6.) As such, we find that appellant's sentence should not have been set aside for any of the reasons encompassed in his second claim for relief. Accordingly, we overrule appellant's second assignment of error.
 {¶ 11} In his third claim for relief, appellant argues that counsel misled him into entering his guilty plea by promising that he would be eligible for judicial release within six months after his incarceration. The record, however, clearly refutes appellant's claim. Appellant signed a guilty plea form, which indicates that he would not be eligible for judicial release for five years upon being convicted of a felony sex offense. Additionally, at the plea hearing, appellant acknowledged that he understood the maximum penalties for each offense, and that his attorney and the prosecutor had recommended a sentence of five years on the rape case. (Tr. at 6.) Appellant acknowledged that he understood that he would be subject to a five-year mandatory post-release control period after he served his five-year sentence. Additionally, the court asked appellant, "has anyone made any promises to you on either of these cases?" Appellant responded, "No, they haven't." (Id. at 7.) As such, we find that appellant's sentence should not have been vacated for the reasons encompassed in his third claim for relief. Accordingly, we overrule appellant's third assignment of error.
 {¶ 12} In his fourth and final claim for relief, appellant argues that his counsel was ineffective for not filing a motion to withdraw appellant's guilty plea. In support of this claim, appellant has attached an affidavit from his sister, Athena Curry, and a letter from his trial counsel. Curry's affidavit states that she talked to appellant's trial counsel and asked him to "pull back" the plea. The letter from appellant's counsel indicates that appellant desired to withdraw his guilty plea. Appellant's counsel explained that he needed a basis upon which to move for withdraw of a guilty plea, and that appellant had not provided anything other than dissatisfaction with the sentence that was agreed to and received.
 {¶ 13} Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea shall only be granted to correct a manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521. It is the defendant who has the burden of establishing the existence of manifest injustice under the rule. State v. Smith (1977),49 Ohio St.2d 261 paragraph one of the syllabus. Additionally, "[t]here may be credible reasons why a criminal defense attorney may decline to file a motion to withdraw a guilty plea and instead, suggest new counsel." State v. Calhoun (1999),86 Ohio St.3d 279, 290. The reasons for which appellant states that he wanted to withdraw his guilty plea are the same reasons encompassed in his first three claims for relief, which we have already found to be without merit. Therefore, we find that appellant has not set forth a basis upon which to set aside his sentence in his fourth claim for relief. Accordingly, we overrule appellant's fourth assignment of error.
 {¶ 14} For the foregoing reasons, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown, P.J., and Bryant, J., concur.
[1] We note that appellant is not alleging that discovery was not provided at all, but that discovery was not provided to him personally by his attorney. The record demonstrates, and appellant acknowledges, that appellee provided discovery materials to appellant's trial counsel.