OPINION
{¶ 1} This is an appeal by defendant-appellant, Anthony K. Brown, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion styled as one pursuant to Crim. R. 36.
 {¶ 2} On December 24, 2003, appellant was indicted on two counts of trafficking in cocaine. On June 11, 2004, appellant was indicted on one count of rape.
 {¶ 3} On July 29, 2004, following negotiations, appellant entered a guilty plea to one count of rape and one count of trafficking in cocaine, and the remaining trafficking *Page 2 
count was dismissed. By judgment entry filed July 30, 2004, appellant was sentenced to five years incarceration on the rape count, to be served concurrently with 12 months incarceration on the trafficking charge.
 {¶ 4} On September 27, 2004, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21, alleging ineffective assistance of counsel. By decision and entry filed February 10, 2005, the trial court denied appellant's petition.
 {¶ 5} Appellant filed an appeal from the trial court's entry denying his petition. In his assignments of error, appellant asserted he was not provided with certain discovery requested by his trial counsel, and that his trial counsel misled him into entering his guilty plea. Appellant further argued that his trial counsel was ineffective in failing to file a motion to withdraw the guilty plea, and in failing to utilize an investigator to investigate mitigating factors relating to the rape charge. In State v. Brown, 10th Dist. No. 05AP-222, 2005-Ohio-6808, this court overruled all of appellant's assignments of error and affirmed the judgment of the trial court.
 {¶ 6} On July 7, 2008, appellant filed a motion "pursuant to Crim. R. 36," alleging "clerical mistakes." By decision and entry filed August 7, 2008, the trial court denied appellant's Crim. R. 36 motion, which the court construed as a petition for post-conviction relief. The trial court determined that appellant's petition failed to raise any new issues that would allow for the filing of successive petitions, and that the petition was untimely and barred by res judicata.
 {¶ 7} On appeal, appellant's brief does not comply with App. R. 16(A)(3), as it fails to set forth a statement of the assignments of error. Instead, appellant's brief sets forth three "arguments," in which appellant asserts: (1) "clerical mistakes within the omission of *Page 3 
the complaint being filed"; (2) "clerical mistakes within the judgment of the complaint"; and (3) "ineffective assistance of counsel." Although not in compliance with the appellate rules, we will nevertheless construe appellant's arguments as assignments of error.
 {¶ 8} As noted under the facts, appellant filed a "Crim. R. 36" motion with the trial court, alleging clerical mistakes. Crim. R. 36 states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." It has been held that "[t]he term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State v. Brown, 136 Ohio App.3d 816, 819-20, 2000-Ohio-1660.
 {¶ 9} In asserting "clerical mistakes" under Crim. R. 36, appellant contends there was no factual basis in the record for the acceptance of his guilty plea, and that the trial court should have ordered preparation of an impact statement. While Crim. R. 36 allows a trial court to correct clerical mistakes or errors in the record "arising from oversight or omission," the rule does not allow a court to make substantive changes of the nature appellant seeks. Brown. Because appellant's motion does not implicate clerical error, the trial court did not err in failing to grant the motion under Crim. R. 36.
 {¶ 10} The trial court also determined, in construing the motion as a petition for post-conviction relief, that it was untimely. We agree.
 {¶ 11} Pursuant to R.C. 2953.21(A)(2), "[e]xcept as otherwise provided in section 2953.23 of the Revised Code," a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." *Page 4 
R.C. 2953.23(A) permits a court to entertain a petition outside the 180-day period if "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or if, subsequent to the limitations period under R.C. 2923.21(A)(2) or to the filing of an earlier petition, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." The petitioner must then show, "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2925.23(A)(1)(b). If the conditions of R.C. 2953.23(A) are not satisfied, a trial court lacks jurisdiction to entertain an untimely or successive petition. State v. Hanks (June 25, 1998), Franklin App. No. 98AP-70.
 {¶ 12} In the instant case, the trial court found that appellant provided no reason for the untimely filing of the petition. Upon review, the record supports the trial court's determination that appellant's motion failed to satisfy a basis, under R.C. 2953.23(A), for the court to consider an untimely or successive petition. Accordingly, to the extent appellant's "motion" could be construed as a petition for post-conviction relief, the trial court was without jurisdiction to consider it.
{¶ l3} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., concur. *Page 1