MCKAY, APPELLEE, *v.* MCKAY, APPELLANT.

---

(No. 1204—Decided June 10, 1985.)

*Dale F. Pelsozy,* for appellee.
*Thomas L. Colaluca* and *Jack D. Maistros,* for appellant.

COOK, J. On September 27, 1982, appellant, John R. McKay, and appellee, Judith L. McKay, were divorced. The court's decree set a value on and divided all the marital assets, including the marital residence. Paragraph seven of the judgment entry provided:

"7. Upon sale of the marital residence, the net proceeds shall be divided between the parties as follows:

"(a) To pay the then remaining balances on the debts of the husband listed in Item (4) and/or to husband up to a total of $13,913.00.

"(b) Remaining proceeds equally between husband and wife."

On September 11, 1984, the court, *sua sponte,* entered a *nunc pro tunc* entry which modified the earlier entry as to the disposition of the proceeds derived from the sale of the marital residence. In the entry, the court stated that the "modification" was necessary to correct a mistake in its original entry so as to carry out the original intent of the court. The court modified the earlier entry by stating:

"IT IS THEREFORE ORDERED that this court's judgment entry of September 27, 1982 be and it is hereby modified, nunc pro tunc, by replacing Item (7)(a) and (b) with the following:

" '(7) Upon sale of the marital residence the net proceeds shall be divided between the parties, as follows:

" '(a) 47.69% to the Wife.
" '(b) 52.31% to the Husband.' "

Appellant moved to vacate the *nunc pro tunc* entry and moved for a hearing on the matter. The court overruled the motion without a hearing.

Appellant has appealed the judgment of the trial court of September 11, 1984 and has filed the following assignment of error:

"The court erred in modifying its September 27, 1982 judgment entry."

The assigned error is well-taken.

The purpose of a *nunc pro tunc* order is to have the judgment of the court reflect its true action. The power to enter a judgment *nunc pro tunc* is restricted to placing upon the record evidence of judicial action which has actually been taken. *State, ex rel. Phillips,* v. *Indus. Comm.* (1927), 116 Ohio St. 261. It does not extend beyond the power to make the journal entry speak the truth *(Reinbolt* v. *Reinbolt* [1925], 112 Ohio St. 526), and can be exercised only to supply omissions in the exercise of functions which are merely clerical *(Jacks* v. *Adamson* [1897], 56 Ohio St. 397). It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *Webb* v. *Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247.

In the instant cause, the trial court's *nunc pro tunc* entry of September 11, 1984 does not reflect what the court actually decided at the time of the court's September 27, 1982 judgment entry. The court itself describes its *nunc pro tunc* entry as a modification of its earlier judgment. Such description by the court was correct since the original entry of September 27, 1982 provided for the proceeds from the sale of the marital residence to be used to pay the balances on the debts of the parties appellant was

ordered to pay and/or paid to appellant with the remaining proceeds to be divided equally between appellant and appellee, while the *nunc pro tunc* entry provided for the proceeds from the sale of the marital residence to be divided 47.69 percent to appellee and 52.31 percent to appellant.

We conclude such a modification of the September 27, 1982 decree by the September 11, 1984 *nunc pro tunc* decree went beyond supplying omissions in the exercise of functions which are merely clerical, but changed what the court actually decided on September 27, 1982. Such improper modification by means of a *nunc pro tunc* entry was prejudicial to appellant.

Judgment reversed and final judgment entered for appellant.

*Judgment reversed.*

FORD, J., concurs.

DAHLING, P.J., dissents.