OPINION
This is an appeal by Clarence L. and Sharon Lowery, appellants, from the February 24, 2000 nunc pro tunc order of the Allen County Court of Common Pleas which granted the motion to reduce costs filed by appellee, estate of Ruby A. White, and ordered the appellants to pay the costs associated with the mistrial.
Appellants commenced the present action on December 22, 1997 for personal injuries suffered as a result of an automobile collision with Ruby A. White. Ruby died on January 27, 1999 and a suggestion of death was filed by her attorney. Subsequently, her estate was substituted as the defendant in this case.
On December 28, 1999, after a three-day jury trial, the trial court entered judgment in favor of Clarence in the amount of $7,835 and $1,225 for Sharon. The trial court's judgment entry assessed costs to the defendant-appellee.
On February 16, 2000, appellee filed a motion with the trial court requesting an order reducing the costs assessed pursuant to the court's December 28, 1999 judgment with regard to the costs attributable to a mistrial which had occurred on September 28, 1999. Appellants filed a response to appellee's motion. On February 24, 2000, the trial court issued a nunc pro tunc order stating that the court's prior "judgment that defendant pay court costs is hereby amended nunc pro tunc" to order defendant to pay only $1,992.90, plus any additional costs associated with this motion and to order plaintiffs to pay $585, which is the jury cost associated with the mistrial. The trial court found that it was "fundamentally unfair to require defendant to pay the additional jury costs associated with the mistrial that was ordered as a result of the actions of plaintiffs." The trial court further concluded that "[w]hile plaintiffs were ultimately the prevailing parties in this action, they were not `prevailing' with respect to the motion for a mistrial." It is from that judgment that appellants now appeal. For their sole assignment of error, appellants assert:
 The trial court committed error when it impermissibly changed a previous court order after it had been approved and signed by all parties and when it improperly changed this order by use of a nunc pro tunc order.
 Appellants contend that the trial court improperly used a nunc pro tunc order in this case to modify its prior judgment with regard to court costs. They maintain that the trial court did not omit the assessment of court costs in its final judgment entry nor were these costs mistakenly journalized.
The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so as to make the entry speak the truth. McKay v. McKay (1985), 24 Ohio App.3d 74, 75. A nuncpro tunc order may not be used to show what the court might or should have decided, or intended to decide, but what it actually decided. Id. As this court has previously explained:
 The purpose of a nunc pro tunc order is to correct the record, to explain now-for-then judicial action actually taken at some prior time, but mistakenly omitted or recited by the original entry. A nunc pro tunc order may not render a judgment or modify a judgment never made in the first instance. McKay v. McKay (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317, 317-318. Such order may only "record judicial action previously and actually taken." State v. Breedlove (1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420, 423.
Showcase Homes, Inc. v. Ravenna Sav. Bank (1998), 126 Ohio App.3d 328,330.
Although the first jury trial apparently resulted in a mistrial, the record before us contains no entry filed at the time of the mistrial. As the record in this case reflects, the trial court entered a judgment entry following the second jury trial commencing on December 14, 1999, in which it assessed costs to the appellee. However, through its nunc pro tunc order of February 24, 2000, the trial court ruled on appellee's motion to reduce costs and proceeded to determine that it was unfair to require appellee to pay the jury costs associated with the mistrial. Accordingly, the nunc pro tunc order purports to substantively alter that court's judgment on the issue of costs, rather than merely clarify what the court had previously entered. In fact, the court's nunc pro tunc order itself specifically states that it "amended" the original judgment entry. Because the trial court improperly used the nunc pro tunc order to modify its previous judgment, we find that the February 24, 2000 order is invalid.
Appellants' sole assignment of error is sustained and the trial court's February 24, 2000 nunc pro tunc order is reversed and vacated.
 __________________________ SHAW, J.
HADLEY, P.J., and WALTERS, J., concur.