OPINION
{¶ 1} Defendant-appellants Mitch and Georga Boulton appeal a judgment of the Court of Common Pleas of Stark County, Ohio in favor of plaintiff-appellee Nationscredit Financial Services Corporation, dba Equicredit. Appellants assign three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO VACATE SINCE THE APPELLEE VOLUNTARILY DISMISSED THE ACTION IN AUGUST, 2005, THUS, REMOVING THE ACTION FROM THE COURT'S JURISDICTION.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO VACATE BECAUSE APPELLEE FAILED TO SATISFY THE REQUIREMENTS OF OHIO CIVIL RULE 60 (B) WHICH GOVERN THE PROCEDURES AND REQUIREMENTS ALLOWING A TRIAL COURT TO CONSIDER WHETHER OR NOT THE PRIOR JUDGMENT SHOULD BE VACATED.
 {¶ 4} "III. THE TRIAL COURT ERRED BY STATING THAT IT WAS GRANTING A MOTION TO VACATE NUNC PRO TUNC BECAUSE APPELLEE DID NOT STATE ANY REASONS PURSUANT TO OHIO CIVIL RULE 60 (A) TO ALLOW THE COURT TO ISSUE A NUNC PRO TUNC ORDER."
 {¶ 5} The record indicates appellee filed its complaint for foreclosure of certain property in January 2003. Appellants were named as defendants, as were various others who are not parties to this appeal. On December 8, 2004, the trial court granted summary judgment in favor of appellee and directed appellee's counsel to prepare and submit to the court an appropriate entry within ten days. The matter remained pending until August 25, 2005, when the court dismissed the matter without prejudice on appellee's oral motion.
 {¶ 6} On February 22, 2006, appellee filed a motion to vacate the judgment of August 25, 2005. The motion stated "Now comes the plaintiff and requests that the court vacate the dismissal judgment entry filed on August 25, 2005, nunc pro tunc. Since the dismissal entry was filed, plaintiff has discovered that this matter should not have been dismissed. Furthermore, as a final decree is being currently submitted to take this property to sale to the court, no party will be prejudiced if the dismissal is vacated." Five days later, the court sustained the motion to vacate and entered a judgment entry permitting foreclosure of the note and sale of the property.
 I, II, III {¶ 7} We will address all three assignments of error together. Appellants argue the trial court lost jurisdiction over the matter after appellee voluntarily dismissed its action. Appellants argue neither Civ. R. 60 (A) nor 60 (B) applies to this action and permit the court to vacate the dismissal.
 {¶ 8} The Supreme Court has interpreted Civ. R. 41 governing voluntary dismissals: "A dismissal without prejudice leaves the parties as if no action had been brought at all." Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, citing DeVille Photography,Inc. v. Bowers (1959), 169 Ohio St. 267, 272.
 {¶ 9} It is axiomatic a final judgment is "`imbued with a permanent character."' Cale Prod., Inc. v. Orrville Bronze Aluminum Co. (1982), 8 Ohio App.3d 375, 378, 457 N.E.2d 854. After final judgment has been entered, the trial court may only consider motions allowed by the Civil Rules of Procedure: motions notwithstanding the verdict, pursuant to Civ.R. 50(B); motions for new trial, pursuant to Civ. R. 59; or motions for relief from judgment, pursuant to Civ. R. 60. Pitts v. Dept. of Transp.
(1981), 67 Ohio St.2d 378, 380. Any other motion after final judgment has been entered is a nullity. Id.
 {¶ 10} A court has authority to determine its own jurisdiction over the case, Lisboa v. Karner,167 Ohio App.3d 359, 2006-Ohio-3024. Appellee's motion to vacate invoked the court's jurisdiction only to the extent it could review the motion and determine whether the relief sought was permitted under the Civil Rules.
 {¶ 11} Civ. R. 60(B) provides in relevant part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * * (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken * * *."
 {¶ 13} Civ.R. 60(B) represents a balance between "the legal principle that there should be finality in every case so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened." AdvanceMortgage Corp. v. Novak (1977), 53 Ohio App.3d 289, 291.
 {¶ 14} To prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The moving party must establish all three requirements for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 15} Appellee's motion does not meet the requirements of the Civ. R. 60(B). Instead, the motion asked the court for a nunc pro tunc order. Civ. R. 60(A) governs nunc pro tunc judgments. It states:
 {¶ 16} "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *"
 {¶ 17} The purpose of a nunc pro tunc order is to have the judgment of the court reflect the action the court has taken,Reynolds v. Reynolds (December 8, 2000), Ashtabula App. No. 2000-A-0006. A judgment entry nunc pro tunc cannot be used to change a prior judgment entry unless the earlier entry did not reflect what was actually decided by the court. A nunc pro tunc
judgment must correct a judgment already rendered, to the extent the judgment entry failed to accurately record the judgment rendered by the court, Id., citations deleted. A nunc pro tunc
order may not render a new judgment, McKay v. McKay (1985),24 Ohio App. 3d 74. It is not used to state what the court should have decided, but only what actually it did decide. Id.
 {¶ 18} Appellee's motion to vacate did not bring to the trial court's attention a clerical error in its earlier, unappealed judgment, a matter appropriate pursuant to Civ. R. 60(A). The motion to vacate alleged an error on the part of appellee, a matter governed by Civ. R. 60 (B).
 {¶ 19} The motion to vacate essentially asked the trial court to strike appellee's earlier motion to dismiss and the court's earlier judgment entirely, thereby reinstating the action at the point it had been before appellee voluntarily dismissed it. The trial court did not have jurisdiction to do this nunc pro tunc. The matter had been dismissed without prejudice, and the relief available to appellee was to refile its action.
 {¶ 20} We find the court erred in sustaining appellee's motion and reopening the action. The assignments of error are sustained.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed. Costs to appellee.