OPINION
{¶ 1} Defendant-appellant Donald Robinson appeals from his conviction and sentence for Corrupting Another with Drugs, following a plea of no contest. Robinson *Page 2 
contends that the trial court erred by overruling his motion to dismiss the charges against him upon the grounds that his statutory right to a speedy trial, provided for in R.C. 2945.71, et seq., was violated. We agree. Consequently, the judgment of the trial court is Reversed, and Robinson is ordered Discharged.
 I {¶ 2} Robinson was both arrested and indicted on October 16, 2006, in a multi-count indictment charging him with Corrupting Another with Drugs, Reckless Homicide, and Trafficking in Drugs. Because Robinson was in jail, the State had 90 days, beginning the day after his arrest, within which to bring him to trial. R.C. 2945.71(C)(2) and (E). By the State's calculation, 22 of the allowed 90 days ran until November 9, 2006, when Robinson filed a request for discovery. The State calculates that the next 70 days were tolled, until January 19, 2007, when the State provided discovery and filed a bill of particulars. The speedy-trial time resumed running on January 20, 2007. Robinson filed his motion to dismiss, on speedy-trial grounds, on April 5, 2007, 75 days later. By this time, 97 days had run against the statutory speedy-trial time, unless some additional tolling applies.
 {¶ 3} The State argued, and the trial court agreed, that the original trial date of January 30, 2007, which was well within the time allowed by the speedy-trial statute, was continued for a legitimate reason, permitting additional tolling under the statute. Robinson's motion to dismiss was overruled.
 {¶ 4} Thereafter, a plea bargain was entered into whereby Robinson pled no contest to Corrupting Another with Drugs, and the other charges were dismissed. *Page 3 
Robinson was sentenced to imprisonment for a term of three years. From his conviction and sentence, Robinson appeals.
 II {¶ 5} Robinson's sole assignment of error is as follows:
 {¶ 6} "THE CONVICTION SHOULD BE REVERSED BECAUSE THE STATE FAILED TO TRY APPELLANT WITHIN THE STATUTORY SPEEDY TRIAL TIME, AND THEREFORE APPELLANT WAS DENIED THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL."
 {¶ 7} Robinson contends that the trial court erred by overruling his motion to dismiss the charges against him upon the ground that he had not been brought to trial within the time required by R.C. 2945.71, et seq. R.C. 2945.71(C)(2) requires that a person charged with a felony shall be brought to trial within 270 days after the person's arrest. R.C. 2945.71(E) provides that each day during which an accused is held in jail in lieu of bail on the pending charge or charges shall count as three days. Since Robinson was held in jail in lieu of bail, the State had 90 days within which to bring him to trial. R.C. 2945.73(B) provides, as a remedy, that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time [prescribed]."
 {¶ 8} Robinson was arrested on October 17, 2006. He moved for the dismissal of the charges on speedy-trial grounds on April 5, 2007, 167 days following his arrest. Thus, unless at least 77 days of that time is tolled, Robinson was not brought to trial within the requisite time. *Page 4 
 {¶ 9} The State contends, and we agree, that the 70-day period from November 9, 2006 to January 19, 2007, should be tolled, because that delay resulted from Robinson's request for discovery. This brings the speedy-trial time down to 97 days. Unless seven more days of that time can be tolled, Robinson was not brought to trial within the requisite time.
 {¶ 10} On November 3, 2006, Robinson's trial was set for December 29, 2006. On December 21, 2006, the trial was re-set for January 31, 2007. The trial, had it commenced on that date, would have been timely. The trial did not commence on January 31, 2007, because a murder trial had been scheduled to, and did, begin on January 30, 2007, and was continuing.
 {¶ 11} The briefs filed in this appeal argue whether the continuance of the trial set for January 31st was for a sufficient reason. Robinson argues that the fact that a murder trial began, as scheduled, on the day set for the commencement of his trial was an insufficient reason for a continuance. The State argues that this was a sufficient reason. We tend to agree with the State on this point, but it is moot, because, in any event, neither the continuance of the January 31st trial date, nor the reasons therefor, were entered upon the journal of the trial court before the speedy-trial time expired.
 {¶ 12} The continuance of the January 31st trial date was not entered upon the journal of the trial court until April 10, 2007, five days after Robinson moved for the dismissal of the charges against him upon speedy-trial grounds. That entry, entitled "NUNC PRO TUNC ENTRY," reads, in its entirety, as follows:
 {¶ 13} "Upon the Court's own motion pursuant to Ohio Revised Code Section 2945.72(H), the January 31, 2007 trial is continued for the reason that the Court and the *Page 5 
assistant prosecutor were involved in an aggravated murder trial, to-wit: State v. Laqwan Scandrick, Case Number 06-CR-515, which began on January 30, 2007, and concluded on February 1, 2007."
 {¶ 14} "When sua sponte granting a continuance under R.C. 2945.72(H) [a period of any reasonable continuance granted other than upon the accused's own motion], the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571, syllabus. Clearly, that was not done in this case. Further, the order nunc pro tune the court later entered could not relate back to the January 31, 2007 date, because an order nunc pro tune is not available to make the record reflect orders the court should have made but did not. McKay v. McKay (1985), 24 Ohio App.3d 74.
 {¶ 15} The State argues that Robinson has waived the application ofState v. Mincy, supra, because he has not made the argument, in his brief, that the entry continuing the January 31st trial date was not timely filed. Robinson's assignment of error asserts, simply, that his conviction should be reversed "because the State failed to try [him] within the statutory speedy trial time." In support of his assignment of error, Robinson points out that he was arrested on October 16, 2006, that he was held in jail in lieu of bail, and that he was not brought to trial by April 5, 2007, the date of his motion to dismiss the charges on speedy-trial grounds. Because more than 90 days elapsed between the date of Robinson's arrest and the date of his motion, it is incumbent upon the State to establish that some of that time should be tolled. The State necessarily relies upon the time between January 31, 2007, when Robinson's trial was scheduled to *Page 6 
begin, and April 5, 2007, the date of his motion, arguing that this time should be tolled. In this the State has the burden to show that this time was properly tolled under the statute. It cannot do so consistently with the requirement of State v. Mincy, supra, because the continuance of the January 31st trial date, and the reasons therefor, were not journalized until after the speedy-trial time had run (and Robinson had filed his speedy-trial motion).
 {¶ 16} Robinson's sole assignment of error is sustained.
 III {¶ 17} Robinson's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and Robinson is ordered Discharged with respect to those charges with which this appeal is concerned.
WOLFF, P.J., and GRADY, J., concur.
Copies mailed to:
Amy M. Smith
Jon Paul Rion
 Hon. Douglas M. Rastatter *Page 1