<hr />

The STATE of Ohio, Appellant,

v.

JAMA, Appellee.

The State of Ohio, Appellee,

v.

Jama, Appellant.

[Cite as *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–872 and 09AP–878.

Decided Sept. 30, 2010.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant in case No. 09AP–872 and for appellee in case No. 09AP–878.

Byron L. Potts & Co., L.P.A., and Byron L. Potts, for appellee in case No. 09AP–872 and for appellant in case No. 09AP–878.

FRENCH, Judge.

{¶ 1} Defendant-appellee and appellant, Shamso Jama ("defendant"), appeals the judgment of the Franklin County Court of Common Pleas, which convicted her of possession of drugs, a third-degree felony, pursuant to a bench trial. Plaintiff-appellant and appellee, the state of Ohio ("the state"), appeals the trial court's decision to (1) use a nunc pro tunc order to amend its verdict from finding defendant guilty of a second-degree felony drug-possession offense to a third-degree felony offense and (2) sentence defendant to community control despite a presumption of prison. For the following reasons, we vacate the nunc pro tunc order, reinstate the trial court's original verdict, and remand for further proceedings.

{¶ 2} Defendant was indicted on two offenses involving a drug commonly known as khat. Count 1 charged her with aggravated drug trafficking, a first-degree felony. Count 2 charged her with unlawfully possessing khat in "an amount equal to or exceeding fifty times the bulk amount but less than one hundred times the bulk amount." The indictment referred to the offense in Count 2 as "aggravated possession of drugs" and designated it a second-degree felony based on the amount of khat in defendant's possession.

{¶ 3} Defendant pleaded not guilty and waived her right to a jury. Because defendant, a Somalian, did not speak English, an interpreter assisted her during

the bench trial, including when she testified. The court did not determine whether the interpreter was qualified or was giving adequate translations. In any event, the interpreter pledged to "make true interpretations of the testimony and the statements of witnesses."

{¶ 4} After the parties presented evidence, the court orally announced its verdict. The court found defendant guilty of "aggravated possession of drugs" and noted that it is a second-degree felony. The court acquitted defendant of aggravated drug trafficking. On January 23, 2009, the court journalized the verdict in a written entry, which stated that defendant was guilty of "possession of drugs," a second-degree felony.

{¶ 5} Defendant filed a motion for a nunc pro tunc order to correct the trial court's January 2009 entry. She complained that the court had failed to use the term "aggravated possession of drugs" in the entry when it identified the offense for which she was convicted. She also claimed that the court made no finding regarding the amount of khat she unlawfully possessed, and she argued that if the court determines that the quantity "was less than fifty (50) times bulk amount, then the * * * verdict should have been * * * guilty of a lesser included offense, which is a felony of the third degree rather than a felony of the second degree."

{¶ 6} At the sentencing hearing, the court granted defendant's motion for a nunc pro tunc order. The prosecution conceded that the offense defendant had been convicted of should be referred to as "possession of drugs as opposed to aggravated possession of drugs." Thus, the court said, "While there was a finding of guilty on aggravated possession, that should be amended to possession of drugs." Next, the court said that it did not "issue a finding with respect to the amount of drugs that were in the possession" of defendant, and it concluded that she possessed khat in an amount "[g]reater than bulk, but less than 50 times bulk." The court stated that this amount made the drug offense a third-degree felony. The prosecution objected, claiming that the evidence established that defendant possessed khat in an amount constituting a second-degree felony, as alleged in the indictment.

{¶ 7} Defendant's nephew served as an interpreter during the sentencing hearing, replacing the one who assisted defendant at trial. He pledged to "truly interpret the proceedings." The court did not determine whether the interpreter was qualified or providing adequate translations, however. In fact, the court expressed "concerns" that defendant's nephew was not translating, and it admonished him, "You need to be interpreting to her, sir." When the court advised defendant of her right to allocution, the interpreter translated her as saying, "It's okay, Your Honor." The court questioned this translation, responding, "Well, she was saying an awful lot to be saying she was okay." At another point in the

hearing, the court asked, "Sir, are you going to interpret—I have some concerns. I think I'm almost to a point where I—do I need to get an official interpreter, counsel?" Despite these concerns, however, the court allowed defendant's nephew to serve as an interpreter for the balance of the sentencing hearing.

{¶ 8} The prosecution asserted that there is a presumption of prison for defendant's offense, but the court imposed community control instead. In its August 2009 entry of conviction and sentence, the court stated that it had originally found defendant guilty of aggravated possession of drugs as a second-degree felony. It said, however, that pursuant to defendant's motion, it was issuing a nunc pro tunc order to amend its verdict to guilty of "POSSESSION OF DRUGS IN AN AMOUNT GREATER THAN BULK BUT LESS [THAN] 50 TIMES THE BULK, * * * a Felony of the Third Degree." It explained that it had reached this conclusion after considering the parties' arguments on the matter and reviewing the trial transcripts.

{¶ 9} Defendant appeals, raising two assignments of error:

DEFENDANT'S FIRST ASSIGNMENT OF ERROR:

The lower court abused its discretion by not evaluating the credentials of the interpreter used for defendant–appellant Shamso Jama.

DEFENDANT'S SECOND ASSIGNMENT OF ERROR:

The lower court denied defendant–appellant's constitutional rights by failing to ensure appellant was given an opportunity to speak in her defense and understanding what is taking place.

{¶ 10} The state has also appealed, raising the following assignments of error:

PLAINTIFF'S FIRST ASSIGNMENT OF ERROR:

The trial court's sentence of community control was contrary to law, as a presumption of prison applied, and the court failed to make the requisite statutory findings to overcome the presumption.

PLAINTIFF'S SECOND ASSIGNMENT OF ERROR:

The trial court's decision to "amend" the verdict exceeded the court's authority to correct clerical errors.

{¶ 11} We first consider the state's appeal. R.C. 2945.67(A) governs the prosecution's right to appeal and provides that it may appeal "as a matter of right" a trial court's decision to dismiss a charging instrument, suppress evidence, return seized property, or grant postconviction relief. That statute also indicates that "[i]n addition to any other right to appeal * * *, a prosecuting attorney * * * may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." Likewise, R.C. 2953.08(B)(1) states that the prosecution may appeal as a matter of right a trial court's failure to impose a prison term for a felony when there is a

presumption of imprisonment. Therefore, pursuant to R.C. 2945.67(A) and 2953.08(B)(1), the state may appeal as a matter of right the subject of its first assignment of error, which challenges the trial court's decision to sentence defendant to community control despite the presumption of prison.

{¶ 12} Neither R.C. 2945.67(A) nor 2953.08(B)(1) provides the state an appeal as a matter of right on the subject of its second assignment of error, which challenges the trial court's decision to issue a nunc pro tunc order. With leave from the appellate court, however, the prosecution may appeal "any other decision" when there is no appeal as of right, so long as the final verdict is not being appealed. R.C. 2945.67(A). Although the trial court's nunc pro tunc order amended its verdict, the state is not appealing the merits of the final verdict. Instead, the state claims that the trial court erred in its use of the nunc pro tunc order, and, pursuant to R.C. 2945.67(A), it may appeal that issue with leave of court.

{¶ 13} The decision to grant or deny a motion for leave to appeal by the state in a criminal case is solely within the discretion of the court of appeals. *State v. Fisher* (1988), 35 Ohio St.3d 22, 26, 517 N.E.2d 911, citing *State v. Ferman* (1979), 58 Ohio St.2d 216, 12 O.O.3d 206, 389 N.E.2d 843. We grant the state's motion for leave to appeal, given the significant role the nunc pro tunc order played in this case, by amending the verdict, and because the appeal provides an opportunity to resolve uncertainty about the proper use of these orders. We proceed, then, to the merits of the state's second assignment of error.

{¶ 14} A nunc pro tunc order corrects a judicial entry that contains error in the recordation of a court's decision. *State v. Nye* (June 4, 1996), 10th Dist. No. 95APA11–1490, 1996 WL 303675. Specifically, the order corrects errors that are merely clerical, and this type of error does not involve any legal determinations. *Warren v. Warren*, 10th Dist. No. 09AP–101, 2009-Ohio-6567, 2009 WL 4809429, ¶ 7, 11; *State v. Brown*, 10th Dist. No. 08AP–747, 2009-Ohio-1805, 2009 WL 1027181, ¶ 8. Stated another way, a nunc pro tunc order shall not modify a court's judgment or render a decision on a matter when none was previously made. *Nye*. Consequently, an entry corrected by a nunc pro tunc order must reflect what the court had actually decided, not what the court might or should have decided. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14. See also *Norris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP–762, 2006-Ohio-1750, 2006 WL 891023, ¶ 12 (noting that a nunc pro tunc order is limited to memorializing what the court previously decided). An improper nunc pro tunc order is void. *Warren* at ¶ 7.

{¶ 15} Defendant contends that a nunc pro tunc order was necessary to correct the trial court's January 2009 entry journalizing its decision to find her guilty of a second-degree felony drug-possession offense. Pursuant to R.C. 2925.11, the degree of felony for a drug-possession offense depends on the amount of illicit drugs a person possessed. Defendant asserts that when the trial court journalized its verdict in the January 2009 entry, it did not determine the amount of khat she possessed. The state claims that when the court found defendant guilty of a second-degree felony, it implicitly decided that she possessed an amount of khat necessary for that conviction. The court said, however, that it was granting defendant's motion for a nunc pro tunc order because it did not issue a finding with respect to the amount of drugs that she possessed. It was improper for the court to use a nunc pro tunc order to make that finding because it required a legal determination; it did not involve a clerical mistake. See *Warren* at ¶ 7, 11; *Brown* at ¶ 8. Furthermore, the trial court using the nunc pro tunc order to make the finding is contrary to the requirement that the order not render a decision on a matter when none was previously made. See *Nye*.

{¶ 16} Due to its finding on the amount of khat that defendant possessed, the trial court also used the nunc pro tunc order to amend its verdict from a second-degree felony to a third-degree felony drug-possession offense. But the court misused the nunc pro tunc order by making that substantive modification to its verdict. See *Nye*. Likewise, by making the modification, the court strayed from the proper purpose of a nunc pro tunc order, i.e., to memorialize a previous decision. See *Henson* at ¶ 14; *Norris* at ¶ 12. In fact, the January 2009 entry already memorialized the court's previous decision to find defendant guilty of a second-degree felony. Therefore, the trial court erred by using a nunc pro tunc order to make a finding about the amount of drugs in defendant's possession and to amend its verdict from a second-degree felony to a third-degree felony.

{¶ 17} The court purportedly issued the nunc pro tunc order also to clarify that defendant is guilty of possession of drugs. When it orally announced the verdict, it referred to defendant's offense as aggravated possession of drugs, which is the term used in the indictment. Because the drug at issue is a Schedule IV substance, however, R.C. 2925.11(C)(2) defines the offense as "possession of drugs." Because the January 2009 entry used that correct term, the court did not commit clerical error, requiring a nunc pro tunc remedy, when it journalized the name of the offense for which defendant was convicted.[1]

---

1. The parties do not argue, and we do not decide, whether the indictment should have been amended to identify the offense as possession of drugs, which all parties now agree is the correct term.

{¶ 18} To conclude, the trial court's nunc pro tunc order is erroneous, and, therefore, void. See *Warren*, 2009-Ohio-6576, at ¶ 7. Consequently, we sustain the state's second assignment of error. Because the nunc pro tunc order is void, defendant's third-degree felony drug-possession conviction and sentence can no longer stand, and the court's original verdict, as journalized in the January 2009 entry, must be reinstated. We emphasize that our holding is limited to the trial court's improper use of the nunc pro tunc order, and we do not decide whether the trial court may amend its original verdict through a different procedure on remand. Finally, because defendant's sentence is vacated, the state's first assignment of error, which challenges that sentence, is moot, and we need not address it. See App.R. 12(A)(1)(c).

{¶ 19} We next address defendant's first and second assignments of error, in which she contends that the trial court erred by failing to (1) evaluate the qualifications of the interpreters who assisted her during trial and sentencing and (2) ensure that they were providing adequate translations. Although the record establishes that the court did not determine whether the interpreters were qualified or were providing adequate translations, defendant did not raise these issues at trial, and, thus, forfeited all but plain error. See *State v. Newcomb*, 10th Dist. No. 03AP–404, 2004-Ohio-4099, 2004 WL 1752850, ¶ 22–23; Crim.R. 52(B). Plain error exists when there is error, the error is an obvious defect in the trial proceedings, and the error affects the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id.

{¶ 20} A court must "appoint a qualified interpreter" for parties needing that assistance during legal proceedings. R.C. 2311.14(A)(1). See also Evid.R. 604 (stating that "[a]n interpreter is subject to * * * qualification as an expert"). And the interpreter is obligated to provide adequate translations. *Newcomb* at ¶ 22, 26. Defendant contends that the trial court's concerns about the sentencing-hearing interpreter's translations established that he was neither qualified nor effective. But the record does not establish that had the court probed its concerns, it would have found that the sentencing-hearing interpreter was unqualified or providing inadequate translations. Instead, the interpreter assured the court, through an oath, that he would provide true translations. He did not alert the court to any problems with his ability to translate. Moreover, defense counsel was able to confer privately with defendant and the interpreter during the sentencing hearing, and counsel did not seek a new interpreter after the court asked if a different one needed to be appointed. In any event, the sentencing-hearing interpreter's qualifications and effectiveness are inconsequen-

tial, given that we have already decided, for different reasons, to vacate defendant's sentence.

{¶ 21} Although the bulk of defendant's assignments of error challenge the sentencing-hearing interpreter, portions of her argument appear to also contest the trial court's failure to evaluate whether the trial interpreter was qualified or providing adequate translations. Defendant cannot establish prejudice, however, because there is no proof that the interpreter actually was unqualified or was giving inadequate translations. Instead, he pledged to provide true translations and alerted the court to no problems about his ability to translate. In fact, soon after the interpreter began translating for defendant, a colloquy between the court and defendant about her jury waiver showed that she understood the translations because she gave responsive answers to the court's questions. And defendant's extensive testimony with the aid of the interpreter confirms that they were communicating with one another sufficiently.

{¶ 22} In the final analysis, defendant has not established plain error from the trial court's failure to evaluate whether the interpreters who assisted her during trial and sentencing were qualified and giving adequate translations. Accordingly, we overrule defendant's first and second assignments of error.

{¶ 23} To summarize, we overrule defendant's two assignments of error and render moot the state's first assignment of error. We also grant the state's motion for leave to appeal its second assignment of error, and we sustain that assignment of error. Consequently, we vacate the Franklin County Court of Common Pleas's nunc pro tunc order, reinstate the court's original verdict as journalized in its January 2009 entry, and remand the matter for further proceedings.

Judgment accordingly.

KLATT and SADLER, JJ., concur.