[Cite as *State v. Nixon* , 2019-Ohio-1502.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NOS. 2018-P-0040** |
| - vs - | : | **2018-P-0041** |
| DAVID A. NIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2016 CR 00394 and 2016 CR 00496.

Judgment: Reversed and vacated.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon*, pro se, Portage County Jail, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, David A. Nixon, appeals the trial court's April 4, 2018 nunc pro tunc sentencing decision. We reverse and vacate the trial court's decision.

{¶2} Nixon raises two assignments of error:

{¶3} "The sentencing court committed prejudicial error when filing the nunc pro tunc correction to the original sentencing journal entry on Portage C.P. No. 2016 CR 00496, *State v. Nixon* (April 7, 2017). The sentencing court abused its discretion by

ordering defendant-appellant to treatment, five years community control on October 17, 2017 when the one year stated prison term on said case was expired, served in full as of July 13, 2017. Once made aware of the error on the record in open court, the sentencing court continued to exercise power and jurisdiction over a case that was closed, and that the court was divested of jurisdiction over.

{¶4} "[2.] The sentencing court committed judicial error in granting defendant-appellant 309 days jail credit in nunc pro tunc journal entry filed April 4, 2018. Defendant-appellant, according to O.R.C. 2949.08 is entitled to two separate credits due to the sentencing court imposing $100,000, 10% cash or surety bond on each of the individual cases. Defendant-appellant never made bail on either case. The sentencing court abused its discretion by failing to grant time served on case 2016 CR 00496."

{¶5} The state argues that dismissal of the appeal is warranted because the issuance of a nunc pro tunc does not constitute a final appealable order that can be appealed, and as such, Nixon's appeal from the nunc pro tunc decision is untimely. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶20 (holding that "a nunc pro tunc judgment entry issued for the sole purpose * * * to correct a clerical omission * * * is not a new final order from which a new appeal may be taken.") Although the issuance of a properly issued nunc pro tunc does *not* extend the time in which to file an appeal from the underlying original decision, a viable appeal arises from a decision improperly identified as a nunc pro tunc entry. *Id.*; *McKay v. McKay,* 24 Ohio App.3d 74, 76, 493 N.E.2d 317 (11th Dist.1985) (reversing nunc pro tunc that improperly modified trial court's prior decision). And because we find that the trial court's nunc pro tunc here improperly changes its original sentencing decision, dismissal is not warranted. *State v.*

2

*Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶16 (nunc pro tunc entries must reflect what the court actually decided, not what the court should have decided).

**{¶6}** Nixon pleaded guilty in February of 2017 to one count of domestic violence and one count of violating a protection order. His convictions arose via separate criminal cases that were consolidated for sentencing. Nixon did not file a direct appeal, and he was subsequently granted judicial release in October of 2017, and ordered in part to 12 months intensive supervision program and general community control for an additional 48 months. The state moved to revoke his community control sanction in March of 2018, which prompted the trial court's issuance of the nunc pro tunc on April 4, 2018, almost one year after its original April 10, 2017 sentencing decision.

**{¶7}** Nixon first argues that the trial court lacked jurisdiction over case number 2016 CR 00496, his violating a protection order conviction, because he allegedly served his one-year sentence at the time the trial court issued the nunc pro tunc. We disagree. Instead, Nixon served time in prison from April 2017 until October 11, 2017 when he was granted judicial release and ordered to serve community control, including 12 months intensive supervision and 48 months general community control. Thus, because Nixon remained under supervision, the court had authority to revoke judicial release following his violations.

**{¶8}** Nixon also claims that the trial court improperly modified his original sentence via its nunc pro tunc when it added consecutive sentencing findings that were previously not made and when the court modified its statement regarding jail-time credit. For the following reasons, we agree.

3

**{¶9}** A trial court may "impose consecutive sentences if [it] makes certain findings, including a finding that consecutive sentences are necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶37." *State ex rel. Oliver v. Turner,* 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶7. However, if a trial court fails to make the requisite consecutive factual findings in "R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.' R.C. 2929.41(A)." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23.

**{¶10}** "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *See State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶15 (where notification of postrelease control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentence may be corrected by a nunc pro tunc entry without a new sentencing hearing). But a nunc pro tunc entry cannot cure the failure to make the required findings at the [hearing]. *See State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶16 ('a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing [hearing]')." *Bonnell,* supra, ¶30.

4

**{¶11}** Nixon's sentencing hearing on April 7, 2017 reflects the court advised him that he was being sentenced to a total of four years in prison comprised of 36 months on the domestic violence offense *consecutive* to 12 months on the protection order violation. The court states:

**{¶12}** "I'm going to order that those sentences run consecutively, not concurrently, for a total of four years.

**{¶13}** "I'm ordering that based upon your prior history, the fact that one incident – the violating a protection order occurred subsequent and while you were being supervised for the prior as well as you were on supervision to Judge Pittman's Court, as well you were on probation and you have served a prior prison term, so I'm ordering that those sentences run consecutively for a total of four years."

**{¶14}** Nixon's original written sentencing entry, dated April 10, 2017, recites the 36-month and 12-month sentences; however, it does *not* state whether the sentences are to run consecutive or concurrent.

**{¶15}** Almost a year later, the court makes the necessary consecutive sentence findings in its April 2018 nunc pro tunc entry:

**{¶16}** "[T]he consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. The Court also finds Defendant committed one or more of the multiple offenses while the Defendant was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or was under post release control for a

prior offense, and Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant."

{¶17} Here, the trial court did *not* make each of the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. It likewise did not incorporate the necessary findings in its original judgment entry. The trial court did not find that consecutive sentences were necessary to protect the public; did not find that consecutive sentences were necessary to punish the offender; and did not find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). It did, however, find that Nixon committed the offenses while he was on probation and that he served a prior prison term consistent with R.C. 2929.14(C)(4)(a).

{¶18} Because the trial court did not make the requisite consecutive findings on the record at the sentencing hearing, its attempt to do so via nunc pro tunc was error. Thus, the court's original sentencing entry remains, and consequently Nixon's sentences run concurrently. R.C. 2929.41(A); *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23.

{¶19} As for Nixon's jail-time credit, the original sentencing entry states:

{¶20} "Defendant shall receive credit for the 303 days he has spent in the Portage County Jail in the above styled offenses on Case No. 2016 CR 0394 and 268 days he has spent in the Portage County Jail in the above styled offenses on Case No. 2016 CR 0496. This credit includes jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility. That time is to be calculated by reception facility."

6

**{¶21}** The trial court does not state the days he was to be credited with at the sentencing hearing but instead advises appellant that "you will be credited for time served."

**{¶22}** And as for jail time credit, the nunc pro tunc states:

**{¶23}** "Defendant shall receive credit for the 309 days he has spent in the Portage County Jail in the above-styled offenses. This credit includes jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility. That time is to be calculated by reception facility."

**{¶24}** Thus, because the stated number of days in the nunc pro tunc, i.e., 309, is different than that provided in its original sentencing decision, the change is an improper use of a nunc pro tunc. *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶16 (ordering improperly issued nunc pro tunc vacated).

**{¶25}** Moreover, "'[a]n improper nunc pro tunc order is void.'" *State v. Waltz,* 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, 14 N.E.3d 429, ¶16, quoting *State v. Jama,* 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶14 (10th Dist.). Accordingly, the trial court's April 4, 2018 nunc pro tunc decision is void and vacated.

**{¶26}** The trial court's decision is reversed, and its April 4, 2018 nunc pro tunc decision is vacated.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.