[Cite as *State v. Powell*, 2023-Ohio-344.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

LEWIS C. POWELL, III,

        Defendant-Appellant.

CASE NO. 2022-T-0068

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00998

## O P I N I O N

Decided: January 6, 2023
Judgment: Reversed and vacated

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Lewis Powell III, appeals from the Trumbull County Court of Common Pleas following the trial court's nunc pro tunc entry reducing his jail time credit. We reverse and vacate the trial court's decision.

{¶2} On March 18, 2019, appellant pled guilty to one count of Carrying Concealed Weapons, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2) and (F)(1); one count of Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(4)(a); and one count of Aggravated Possession of Drugs, a felony of

the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a). The trial court sentenced appellant to five years community control.

{¶3} Appellant violated his community control sanctions and appeared on July 13, 2020, for a violation hearing. He waived the hearing and pled guilty to the violations. The trial court sentenced appellant to an aggregate prison term of 24 months to run consecutive to a separate prison sentence imposed in Case No. 2019-CR-675. The trial court's sentencing entry stated that appellant "will receive credit for time served from October 21, 2018 to March 20, 2019; July 29, 2019 to August 5, 2019; and October 4, 2019 to July 13, 2020, for a total of (443) days."

{¶4} On December 16, 2020, appellant filed a pro se motion for jail-time credit where he asserted that he had only received 151 days of jail time credit rather than the 443 he believed he was entitled to pursuant to the trial court's sentencing entry. The trial court did not rule on this motion.

{¶5} Instead, on July 14, 2021, the trial court issued a so-called "Nunc Pro Tunc Entry on Sentence." In that entry, the trial court overruled appellant's Motion for Jail Time Credit sub silentio and stated that appellant "will receive credit for time served from **October 21, 2018 to March 20, 2019, for a total of (151) days.**"

{¶6} Appellant filed a Motion for Leave to File a Delayed Appeal which this Court denied for failure to comply with App.R. 5 requirements.

{¶7} On June 27, 2022, appellant filed a corrected Motion for Leave to File a Delayed Appeal. This Court granted the motion and appellant has asserted one assignment of error.

{¶8} Appellant's sole assignment of error states:

2

Case No. 2022-T-0068

{¶9} "The trial court erred in entering the July 14, 2021 nunc pro tunc entry that modified Powell's jail time credit."

{¶10} Appellant argues that the trial court's July 14, 2021 nunc pro tunc entry reducing his jail time credit by 292 days was improper and a nullity because it modified the final judgment of sentence. The State has conceded error and agrees that the trial court's nunc pro tunc entry was improper.

{¶11} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." A nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the sentencing hearing. *State v. Dixon,* 11th Dist. Portage No. 2021-P-0114, 2022-Ohio-4158, citing *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016- Ohio-3320, ¶ 21; *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 WL 1708508, *2 (Nov. 13, 2000). However, this power does not extend to "show what the court might or should have decided, or intended to decide, but what it really did decide." *McKay v. McKay,* 24 Ohio App.3d 74, 75, 493 N.E.2d 317 (11th Dist.1985). "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken." *Id.* A modification of an earlier judgment entry may not change "what the court actually decided" in its final entry of sentence. *Id.* at 76. "An improper nunc pro tunc order is void." *State v. Jama,* 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 14 (10th Dist.).

3

{¶12}  In *State v. Nixon*, 11th Dist. Portage No. 2018-P-0040, 2019-Ohio-1502, the trial court issued a nunc pro tunc entry adding consecutive sentence findings not previously made and modifying its statement regarding jail time credit. *Id.* at ¶ 8. This Court reversed in that case because the trial court did not initially make the requisite consecutive findings at the sentencing hearing and because "the stated number of days in the nunc pro tunc * * * is different than that provided in its original sentencing decision, the change is an improper use of a nunc pro tunc." *Id.* at ¶ 18, ¶23, citing *State v. Miller*, 127 Ohio St. 3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶16.

{¶13}  Similarly, in this case, the trial court's nunc pro tunc sentencing entry stated a number of jail time credit days different from its original sentencing entry.  This did not correct a mere clerical error, but altered the court's initial sentence.  This, the court could not do. *See McKay*, *supra,* at 75.

{¶14}  Accordingly, appellant's sole assignment of error has merit. The Trumbull County Court of Common Pleas' decision is reversed and the July 14, 2021 nunc pro tunc sentencing entry is vacated and the trial court is directed to enter an order confirming that appellant is entitled to 443 days of jail time credit.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0068