[Cite as *State v. Reed*, 2023-Ohio-1324.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-A-0082 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| KASSANDRA REED, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00065 |

**O P I N I O N**

Decided: April 24, 2023
Judgment: Affirmed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christine Davis*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}   Appellant, Kassandra Reed, appeals the judgment of the Ashtabula County Court of Common Pleas sentencing her to 24 months in prison for violating R.C. 2919.22(A), endangering children, a third-degree felony.

{¶2}   Appellant has raised a single assignment of error arguing that the record does not support the 24-month term of imprisonment.

{¶3}   Having reviewed the record and the applicable caselaw, we find appellant's assignment of error to be without merit. The trial court did not err in imposing a 24-month

sentence and appellant has not demonstrated that her sentence is contrary to law or that the trial court should have imposed a community control sanction.

{¶4} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} Appellant's seven-week-old child, M.R. (DOB 4-17-2022), received injuries, including fractured bones, to all four extremities. According to the presentence investigation, appellant's husband and co-defendant caused those injuries. Appellant waited several days before taking M.R. to receive treatment for these injuries. M.R. was removed from the home due to the suspected abuse.

{¶6} On March 2, 2022, appellant was indicted on one count of Endangering Children, in violation of R.C. 2919.22(A), a felony of the third degree. Appellant pled guilty to the charge on July 7 and the matter was scheduled for sentencing.

{¶7} At the September 8 sentencing hearing, appellant requested a sentence of community control while the State requested that prison be imposed, without specifying a length of sentence. Appellant's attorney said that a community control sanction was appropriate because the child's injuries were primarily caused by appellant's husband, appellant expressed remorse, and acknowledged that she failed to execute her duty of care for the child. The State emphasized that M.R. had suffered for days before receiving medical treatment for the multiple broken bones and fractures inflicted.

{¶8} The trial court considered the purposes and principles of sentencing and said that the extent of the injuries was "wrong on all levels." The Court concluded that under R.C. 2929.12, the "more serious factors override the less serious factors. * * * A

2

term of community control would demean the seriousness of the offense, and would demean the seriousness of the injuries to this infant." The court said that it was giving appellant credit for taking responsibility "and that is the only reason I'm not imposing the maximum prison sentence." The court ordered a 24-month prison term.

{¶9} Appellant timely appealed raising one assignment of error.

**Assignments of Error and Analysis**

{¶10} Appellant's sole assignment of error states:

{¶11} "THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A TERM OF 24 MONTHS [sic] INCARCERATION AS THE RECORD DOES NOT SUPPORT SUCH A SENTENCE."

{¶12} Appellant argues that the record "clearly and convincingly indicates that the Trial Court should have imposed a community control sanction."  Appellant does not argue that the trial court failed to consider the purposes and principles of felony sentencing under R.C. 2929.11 or the seriousness and recidivism factors under R.C. 2929.12. She also acknowledges that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12. *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 27-29.

{¶13} R.C. 2953.08(G)(2)(a) only applies to challenges to sentences imposed under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I). Appellant does not challenge her sentence in reference to any of these statutes. *See State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 7. Under *Jones*, we cannot review alleged error under R.C. 2929.11 and R.C. 2929.12 to evaluate

3

whether the sentencing court's findings for those sentences are unsupported by the record. *Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 39.

{¶14} Appellant claims that the trial court issued a sentence contrary to law under R.C. 2929.12. However, appellant asserts that the limitation on review under R.C. 2953.08(G)(2)(a) "essentially amounts to no review at all, assuming a trial court stays within whatever sentencing range is established by statute." We view this as a challenge to the constitutionality of R.C. 2953.08(G)(2)(a) or Ohio's high court ruling in *Jones.*

{¶15} Although appellant argues that the foregoing holding of *Jones* renders her sentence essentially unreviewable, that is not the case. We agree with that aspect of Justice Fischer's concurring opinion in *Jones*, which discusses the reviewability of R.C. 2929.11 and R.C. 2929.12:

> There is also no reason to believe that a trial court's consideration under R.C. 2929.11 and 2929.12 is wholly unreviewable. First, although, as the majority opinion explains, R.C. 2929.11 and 2929.12 do not require a trial court to make any specific findings on the record, those statutes are not optional. Both statutes use the term "shall" multiple times in relation to other matters. For example, R.C. 2929.11(A) and 2929.12(A) through (F) set forth matters that a sentencing court "shall consider," and R.C. 2929.11(A) provides that the trial court "shall be guided by" the three overriding purposes of felony sentencing. R.C. 2929.11(B) further states that the sentence imposed by the trial court "shall" meet certain specific criteria. * * * Second, R.C. 2953.08(G)(2) expressly requires an appellate court to "review the record, including the findings underlying the sentence." The breadth of this statutory provision necessarily means that if a trial court does make findings under R.C. 2929.11 and 2929.12, the appellate court may review those findings for certain limited purposes. Third, R.C. 2953.08(G)(2)(b) provides that an appellate court can modify or vacate a sentence on the ground that it is "otherwise contrary to law." This court's holding today specifies what an appellate court may not do under this provision: it may not conduct an independent review of

4

> whether the record supports the sentence and substitute its own judgment regarding the appropriate sentence.

*Jones, supra*, at ¶ 46.

**{¶16}** Unlike R.C. 2953.08(G)(2)(a), which provides for limited review of whether the record supports a trial court's sentencing findings under specific statutes, R.C. 29534.08(G)(2)(b) does provide that a court may review whether a sentence is contrary to law. *Jones* held that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' e.g., Black's Law Dictionary 328 (6th Ed. 1990)." *Id.* at ¶ 34. The phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

**{¶17}** Appellant's argument that the trial court should have imposed a community control sanction is unavailing. We see nothing about her sentence to suggest it is contrary to law and appellant has not identified how the imposition of a 24-month sentence for a third-degree felony was contrary to law. Her arguments essentially ask this Court to do what it cannot do – review whether the record supported the trial court's decision to impose a prison term rather than a community control sanction. R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11(A) and R.C. 2929.12(C) and (D). *Id.* at ¶ 39.

**{¶18}** Having found no failure to comply with R.C. 2929.12 and no other basis under which the sentence is contrary to law, appellants' sole assignment of error is without merit.

5

Case No. 2022-A-0082

**{¶19}** As a final matter, the trial court's judgment entry of sentence stated that it considered R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13(B) in sentencing appellant to a felony of the third degree. However, R.C. 2929.13(B) applies to sentences for felony offenses of the fourth or fifth degree except for felony drug offenses of violence. R.C. 2929.13(C) applies to felonies of the third degree and provides no presumption of prison or community control; it simply requires the court to comply with R.C. 2929.11 and R.C. 2929.12, which we have determined the trial court did in this case.

**{¶20}** Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." A nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the sentencing hearing. *State v. Dixon*, 11th Dist. Portage No. 2021-P-0114, 2022-Ohio-4158, ¶ 57, citing *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016- Ohio-3320, ¶ 21; *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 WL 1708508, *2 (Nov. 13, 2000). However, this power does not extend to "show what the court might or should have decided, or intended to decide, but what it really did decide." *McKay v. McKay*, 24 Ohio App.3d 74, 75, 493 N.E.2d 317 (11th Dist.1985). "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken." *Id.* A modification of an earlier judgment entry may not change "what the court actually decided" in its final entry of sentence. *Id.* at 76. "'An improper nunc pro tunc order is void.'" *State v. Powell*, 11th Dist. Trumbull No. 2022-T-0068, 2023-Ohio-344, ¶ 11,

quoting *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 14 (10th Dist.).

**{¶21}** Here, the issuance of nunc pro tunc judgment entry is an appropriate remedy to make the trial court's sentencing entry reflect its true action pursuant to the requirements of R.C. 2929.13(C).

**{¶22}** For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed, and the matter is remanded to the trial court to issue a nunc pro tunc judgment entry to correct the clerical error in the judgment entry to reflect that the trial court considered R.C. 2929.13(C) in sentencing appellant.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

7