[Cite as *Lucas v. Byers*, 2021-Ohio-2467.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JASON C. LUCAS,<br><br>　　　　Plaintiff-Appellee,<br><br>- v -<br><br>LINDSAY N. BYERS,<br><br>　　　　Defendant-Appellant. | CASE NO.  2020-L-122<br><br>Juvenile Appeal from the<br>Court of Common Pleas,<br>Juvenile Division<br><br>Trial Court No. 2016 CV 00054 |

**O P I N I O N**

Decided: July 19, 2021
Judgment: Affirmed

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH  44077 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH  44114 (For Defendant-Appellant).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH  44060 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1}　Appellant, Lindsay N. Byers ("mother"), appeals from the nunc pro tunc judgment of the Lake County Court of Common Pleas, Juvenile Division, entered to apparently clarify a previous final judgment relating to allocation of parental rights and responsibilities of the parties' minor child, D.L., which included various conditions mother

was required to meet before she could commence unsupervised parenting time.   We affirm.

{¶2}     In January 2016, father filed a complaint requesting allocation of parental rights and responsibilities. The matter proceeded to a hearing which resulted in a January 18, 2017, order naming mother the residential parent for school purposes. On May 11, 2018, father moved the trial court to designate him the sole residential parent and legal custodian of the minor child. The parties filed voluminous motions subsequent to father's May 2018 filing. Ultimately, on December 7, 2018, father filed an ex parte motion for immediate temporary sole residential placement and legal custody. A pretrial conference was held on December 12, 2018, at which the parties and the guardian ad litem ("GAL") indicated they had reached an agreement regarding custody and an agreed judgment entry was subsequently filed.

{¶3}     After mother's counsel had withdrawn, new counsel filed a motion to vacate the previous agreed entry, which was granted on March 19, 2019. The matter then proceeded to a 13-day bench trial on, inter alia, father's May 11, 2018 motion. Following trial, on December 31, 2019, the trial court issued an order which found the circumstances had changed since the initial allocation of parental rights; the court additionally concluded D.L.'s best interests would be served by designating father the sole residential parent and legal custodian. The court also ordered mother to have supervised visitation with D.L. Mother appealed and, on January 29, 2021, in *Lucas v. Byers*, 11th Dist. Lake Nos. 2020-L-010, 2020-L-049, and 2020-L-050, 2021-Ohio-246 ("*Byers I*"), this court affirmed the judgments of the trial court.

2

{¶4}     On September 22, 2020, mother filed a motion to show cause regarding the parenting schedule.  She argued that father has failed to comply with the December 31, 2019 order, which stated, as of August 27, 2020, she shall have parenting time pursuant to the Lake County Ohio Juvenile Rule V (which set forth general rules for unsupervised visitation).  She claimed father has deprived her of this time, in violation of the order.  The trial court held the matter in abeyance. Later, on November 18, 2020, father filed a combined motion to show cause and "modify" the December 2020 judgment to reflect the court's actual intention; namely, that, to the extent mother has failed to meet all conditions precedent set forth in the order, i.e., participate in an eight-week intensive outpatient program, as recommended by Dr. Afsarifard; engage a parenting coordinator, Attorney Ann D'Amico; engage in ongoing joint counseling with father through Dr. Steven Neuhaus, she was not entitled to Rule V parenting.  According to father, mother has failed to meet any of these conditions; and, father alleged, he and mother commenced the joint-parenting therapy, but did not complete the same owing only to mother's noncompliance.

{¶5}     On November 24, 2020, while the appeal of the December 2019 judgment was still pending, the trial court issued a nunc pro tunc entry with the following change: "**If the foregoing conditions are complete** as of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V." (Emphasis sic.)  The "foregoing conditions" referred to the above-referenced orders to the parties.  It is from this judgment that the instant appeal is premised.

{¶6}     After the trial court issued the November 2020 order, mother filed an original action in prohibition with this court.  Mother requested this court to issue an order preventing the trial court from enforcing the November 2020 nunc pro tunc entry, arguing

3

the trial judge did not have jurisdiction to modify the December 31, 2019 entry while the appeal of that original judgment was pending with this court. The trial judge filed a motion to dismiss the appeal, pursuant to Civ.R. 12(B)(6).

{¶7} On April 19, 2021, this court granted the motion, concluding:

{¶8} Judge Lawson, as the judge of the court of common pleas' juvenile division, generally has subject matter jurisdiction over an action for parental rights and responsibilities. Further, once an appeal is perfected, a trial court is not divested of *all* jurisdiction - the trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction and to act in aid of the appeal. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978) and *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). Thus, Judge Lawson's authority to issue and enforce the nunc pro tunc entry depended on the specific facts before her at the time, rendering any jurisdictional defect neither patent nor unambiguous.

{¶9} Because Judge Lawson had jurisdiction to determine her own jurisdiction, Mother has an adequate remedy by way of a direct appeal, whereby she may challenge the nunc pro tunc entry as an act inconsistent with this court's jurisdiction while the previous appeal was pending, a violation of Civ.R. 60(A), or otherwise. *State ex rel. L.N.B. v. Lawson*, 11th Dist. Lake No. 2020-L-121, 2021-Ohio-1365, ¶10-11 ("*Byers II*").

{¶10} Mother's appeal of the November 24, 2020 judgment, now before this court, assigns two errors. Her first assignment of error states:

{¶11} "The trial court erred as a matter of law and abused its discretion by sua sponte modifying the December 31, 2019 judgment entry during the pendency of the appellant's appeal."

{¶12} Mother asserts the trial court lacked jurisdiction to issue the November 24, 2020 nunc pro tunc judgment entry while the previous appeal was pending. She maintains the trial court was divested of jurisdiction to act because the entry interfered

4

with this court's ability to review, affirm, reverse, or modify the appealed order. She argues that her prior appeal specifically challenged the trial court's determination of custody and parenting time with the parties' minor child. Thus, mother concludes, the trial court's nunc pro tunc entry interfered with this court's jurisdiction and therefore was void ab initio. We do not agree.

{¶13} "The continuing jurisdiction of the juvenile court is invoked by motions filed in the original proceeding." *Coleman v. Campbell*, 11th Dist. Geauga No. 2001-G-2401, 2002-Ohio-3841, ¶9 citing Juv.R. 35(A). "A court that attains jurisdiction over and enters orders concerning the custody and support of children retains continuing and exclusive jurisdiction over such matters." *Coleman*, *supra*., citing *Hardesty v. Hardesty*, 16 Ohio App.3d 56, 58 (10th Dist.1984); *see, also, Singer v. Dickinson*, 63 Ohio St.3d 408, 413 (1992) ("It has long been recognized in Ohio that a [juvenile] court retains continuing jurisdiction over its orders concerning the custody, care, and support of children * * *.") In light of these points, and the procedural fact that the court was prompted to act upon father's motion, the trial court had prima facie jurisdiction to enter the nunc pro tunc order. The question, therefore, is whether the court's action interfered with this court's jurisdiction to address the merits of the previous appeal filed in relation to the original December 2019 judgment.

{¶14} Mother properly states that "the trial court loses jurisdiction except to take action in aid of the appeal," *Bishop v. Bishop*, 11th Dist. Portage Nos. 98-P-0055 and 98-P-0080, 2000 WL 757592, *7 (June 9, 2000), and "the trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Yee v. Erie County Sheriff's Department*, 51 Ohio St.3d

5

43, 44 (1990). Mother's appeal of the original December 2019 judgment challenged the following issues: (1) the trial court's granting of father's motion to designate him sole residential parent and legal custodian; (2) the trial court's decision to deny mother's motion to disqualify the guardian ad litem; (3) the trial court's alleged violation of her due process rights by requiring her to proceed with evidence prior to father doing so; (4) the trial court's denial of her motion for a new trial; and (5) the trial court's denial of her motion to modify visitation.

{¶15} Mother did take issue with the ultimate decision to grant father legal custody and status as residential parent. The action the trial court took vis-à-vis its November 2020 nunc pro tunc order, however, was to clarify that the conditions it set on mother's visitation must be met *before* Juvenile Rule V visitation could commence. This was not inconsistent with this court's ability to affirm, reverse, or vacate the principal order regarding custody or designation of residential parent. Moreover, while mother challenged the court's denial of her motion to modify visitation, that motion (and her argumentation before this court) did not challenge the conditions placed on mother in the original December 2019 judgment. And, in *Byers I*, this court stated:

{¶16} In its judgment, the trial court noted that mother failed to attach anything to her affidavit (which accompanied her motion) indicating she had completed the intensive outpatient program; the court further noted that neither party requested a hearing on mother's motion. And, because the motion was filed a mere two weeks after the court's December 31, 2019 judgment re-designating father as residential and custodial parent, it concluded that "significant progress could not have been made with these parties in that period of time." *Id.* at ¶95.

{¶17} The trial court's clarification in the November 2020 nunc pro tunc judgment did not affect this court's jurisdiction to address the points challenged by mother in *Byers*

6

*I.* The court made it clear that the conditions it imposed had to be completed by August 27, 2020, if mother wished to automatically have Juvenile Rule V parenting time. Because mother did not challenge the nature of the conditions or assert that compliance with the conditions was somehow unreasonable or impracticable, we conclude the trial court's action was not inconsistent with this court's jurisdiction.

{¶18} Mother's first assignment of error lacks merit.

{¶19} "The trial court lacked jurisdiction to issue a nunc pro tunc entry after the perfection of the Mother's appeal under Civ.R. 60."

{¶20} Appellant initially asserts the entry at issue was a material alteration of the original entry and, as a result, was an impermissible modification of the original final judgment. She additionally claims the trial court erred in entering its nunc pro tunc entry clarifying the December 31, 2019 judgment because neither father nor the court sought leave of this court as required by Civ.R. 60(A).

{¶21} With respect to mother's initial assertion, "[t]he purpose of a *nunc pro tunc* order is to have the judgment of the court reflect its true action." (Emphasis sic.) *McKay v. McKay*, 24 Ohio App.3d 74, 75 (11th Dist.1985). The power to enter a judgment *nunc pro tunc* is restricted to placing upon the record evidence of judicial action which has actually been taken. *State ex rel. Phillips v. Indus. Comm.*, 116 Ohio St. 261, 264 (1927). The authority, however, "does not extend beyond the power to make the journal entry speak the truth." *McKay, supra*.

{¶22} Here, the trial court's original judgment entry regularly highlighted the extreme measures mother took to have father deemed an abusive parent; none of the allegations mother leveled, however, were confirmed. The court expressed concern

7

regarding mother's behavior and, in its final order made it clear that she should have supervised parenting time provided through a third party. After entering its order, the court proceeded to set forth the conditions the parties were required to meet, pursuant to the general parenting and custody decree. These conditions were those set forth above and were the subject of father's show-cause motion.

{¶23} After setting forth the conditions, the trial court, in the original entry, stated that, as of August 27, 2020, mother shall have Juvenile Rule V parenting time. It would make no sense, however, to conclude the trial court found this seemingly arbitrary date an automatic trigger for mother having typical Rule V, unsupervised parenting time where she has failed to meet the conditions of the parenting and custody decree. This is especially true where the conditions were inextricably tied to mother's mental health as well as her ability to effectively parent jointly with father.

{¶24} We therefore conclude the trial court's nunc pro tunc entry, which pronounced that the conditions of the decree must be met before mother could be awarded Rule V parenting time, reflected the trial court's true action. Thus, we hold, in light of the entirety of the findings and orders of the original judgment, the court's use of a nunc pro tunc order was proper. Accordingly, we conclude the insertion of the clause "If the foregoing conditions are complete" was not a material alteration of the December 31, 2019 judgment.

{¶25} Next, mother takes issue with the failure of either father or the court to follow Civ.R. 60(A). Civ.R. 60(A) provides:

{¶26} Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any,

8

as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected *with leave of the appellate court.* (Emphasis added.)

{¶27} Mother is correct that leave of this court was not sought to correct the December 31, 2019 judgment, even though the appeal of that judgment was pending when the court issued the nunc pro tunc entry. Moreover, we additionally recognize that this court has previously stated that "the failure to secure leave [pursuant to Civ.R. 60(A)] renders a nunc pro tunc decision a nullity." *State ex rel. Ames v. Portage Cunty Republican Central-Executive Committee*, 11th Dist. Portage No. 2018-P-0001, 2019-Ohio-74, ¶11. Under the circumstances, however, we conclude this pronouncement, while not incorrect where a trial court makes a substantive modification of a judgment, is an overstatement of the effect of failing to obtain leave.

{¶28} Despite the failure to secure leave, mother has failed to show prejudice. "Our limited power permits us to reverse a lower court's decision only upon a finding of 'prejudicial error committed by such lower court.' R.C. 2501.02. Where the harm is not immediately apparent, the appellant must explain how the result would have materially differed were it not for the intervening error. Prejudice is not presumed." *Mangan v. Mangan,* 2d Dist. Green No. 07-CA-100, 2008-Ohio-3622, ¶9. Although the failure to obtain leave was a technical error, our resolution of mother's first assignment of error renders any such error harmless. Because the trial court's clarification was not inconsistent with this court's jurisdiction, leave, in this instance, would have been freely granted. We therefore conclude the omission and technical error was harmless. *See Doran v. Doran*, 11th Dist. Geauga No. 1351, 1988 WL 12946, *4 (Feb 5, 1988). ("Pursuant to Civ.R. 60(A), clerical or inadvertent mistakes or omissions may be corrected

9

during a pending appeal at any time before the appeal is docketed and thereafter while the appeal is pending with leave of the appellate court. In the instant case, the correction was made without leave of this court. However, any failure of the lower court to request leave to correct this error was harmless. Leave in such an instance would be freely given."); *see also Kachman v. Kachman*, 7th Dist. Mahoning No. 2008 MA 90, 2010-Ohio-1311, ¶76 (applying harmless error doctrine to application of Civ.R. 60(A)).

{¶29} Mother's second assignment of error lacks merit.

{¶30} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

10