[Cite as *State v. Elliott*, 2023-Ohio-181.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0016 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JODY ANTON ELLIOTT, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00164 |

**O P I N I O N**

Decided: January 23, 2023
Judgment: Affirmed

*Dennis Watkins,* Trumbull County Prosecutor, and *Ryan J. Sanders,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gregory T. Stralka,* 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

JAMES A. BROGAN, J., Ret., Second Appellate District, sitting by assignment.

{¶1} Appellant, Jody Anton Elliott, appeals from the judgment of conviction, entered after trial by jury, by the Trumbull County Court of Common Pleas. At issue is whether the state advanced sufficient evidence to support appellant's conviction for robbery; he additionally challenges the trial court's failure to provide the jury with an instruction on the lesser-included offense of theft. For the reasons discussed in this opinion, we affirm the trial court.

{¶2} On February 13, 2019, appellant was observed on video entering Macy's, located in the Eastwood Mall, in Niles, Ohio. He immediately walked toward the Polo clothing section of the store. Loss-prevention officers for Macy's were on notice of two previous thefts of a significant amount of Polo clothing in recent months, once in October 2018 and once in December 2018. On both occasions, the individual placed a large amount of clothing in a pile, what the officers described as "staging," picked up the pile, and dashed out of the store. In light of the prior thefts, the similar modus operandi of each theft, and the physical similarities of the suspect to appellant, two officers immediately went onto the store's floor to stop a potential theft.

{¶3} One officer, Mark Eickert, positioned himself near the closest store exit and another officer, Mark Thomas, positioned himself approximately 20 feet behind appellant. Once appellant reached the Polo section, he began "staging" merchandise. He then grabbed some 29 items and began walking away from the check-out registers, toward the exit. Mr. Eickert approached appellant, identified himself as a Macy's loss-prevention officer, and displayed his badge. Appellant immediately dropped the merchandise and fled from Mr. Eickert. According to Mr. Eickert, appellant ran into two attached clothing racks. Appellant stumbled and Mr. Eickert was able to tackle him.

{¶4} During the ensuing struggle, Mr. Eickert attempted to handcuff appellant. Appellant was resisting Mr. Eickert, pushing him away in an attempt to escape. Mr. Thomas arrived to assist Mr. Eickert in restraining appellant. Mr. Eickert was ultimately able to place one handcuff on appellant. During the fracas, Mr. Eickert's left hand was cut.

2

{¶5}    Patrolman Shawn Crank of the Niles Police Department was dispatched to the scene.  At the time, Patrolman Crank was situated across the street from the entrance of Macy's.  Upon his arrival, he observed three people "scuffling."  By this time, Patrolman Crank observed appellant had been handcuffed.  Appellant identified himself and stated the loss-prevention officers had "accosted or attacked" him.  Appellant had a cut on his head and, as a result, the patrolman sought medical attention for appellant.  In light of Mr. Eickert's and Mr. Thomas' statements, the observable clothing appellant allegedly attempted to take, as well as the disheveled condition of the surrounding area, appellant was arrested.  He was eventually indicted by the Trumbull County Grand Jury on one count of  robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3) and (B).

{¶6}    The matter proceeded to jury trial after which appellant was convicted as charged.  Appellant was sentenced to a prison term of 36 months, which the trial court ordered to run consecutively to a separate term of imprisonment appellant was serving at the time of the sentencing hearing. Appellant now appeals and assigns two errors for this court's review.  His first provides:

{¶7}    "The jury verdict was not supported by sufficient evidence regarding the use of force to support a conviction for robbery."

{¶8}    "A challenge to the sufficiency of the evidence raises a question of law as to whether the prosecution met its burden of production at trial." (citations omitted.) *State v. Bernard*, 2018-Ohio-351, 104 N.E.3d 69, ¶56. (11th Dist.) "'In reviewing the record for sufficiency, "the proper inquiry is whether, after viewing the evidence most favorably to the prosecution, the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062, 901

3

N.E.2d 856, ¶9 (11th Dist.), citing *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).

{¶9} Appellant was convicted of robbery, in violation of R.C. 2911.02(A)(3), which provides:

{¶10} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (3) Use or threaten the immediate use of force against another."

{¶11} Appellant does not contest the theft or fleeing components of the crime; rather, he claims that the state failed to produce sufficient evidence that he either used or threatened the immediate use of force.

{¶12} R.C. 2901.01(A)(1) defines the term "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." This court has observed that:

> {¶13} "[I]n applying the robbery statute R.C. 2911.02(A)(3) in the shoplifting context, courts have consistently concluded that using one's body parts in any manner to resist detainment by a security guard after a shoplifting incident elevates a theft offense to robbery. Acts that have been held to fall within the statutory definition of force by Ohio courts include pushing or striking a store employee. *State v. Martin,* 10th Dist. Franklin Nos. 02AP-33, 02AP-34, 2002-Ohio-4769, ¶31. *See also State v. Zoya,* 8th Dist. Cuyahoga No. 64322, 1993 WL 526791 (Dec[.] 16, 1993) (defendant tried to force his way past the assistant manager by using his body weight, twisting around and swinging his arms)." *State v. Muncy*, 11th Dist. Ashtabula No. 2011-A-0066, 2012-Ohio-2830, ¶19.

{¶14} In *Muncy*, the defendant, in attempting to leave a store with unpaid-for merchandise, used his upper body to knock store security out of the way. This court unanimously concluded this act was sufficient to meet the force element of robbery under R.C. 2911.02(A)(3). *Muncy,* at ¶ 20. *See also State v. Grega*, 11th Dist. Ashtabula No.

4

2012-A-0036, 2013-Ohio-4094 ¶ 62 (State presented sufficient evidence to meet the force element of robbery under subsection (A)(3) where evidence demonstrated the defendant either pushed or picked up a store employee to exit the establishment.); *State v. Pillow*, 2d Dist. Greene No. 07CA095, 2008-Ohio-6046, ¶ 23-24 (Court found sufficient evidence of force under subsection (A)(3) where a "tussle" or "struggle" ensued after a defendant tried to physically move a drive-through-store employee so he could leave with items and employee attempted to restrain the defendant.).

{¶15} Appellant contends the state failed to adduce sufficient evidence of force because he did not display physical aggression, but merely attempted to leave the store upon being confronted. He emphasizes that Mr. Eickert instigated the physical altercation. And, he maintains, there was no evidence that he posed any actual or potential harm to the loss-prevention officers. Appellant's argument essentially asks this court to review the evidence in a light most favorable to his defense. A sufficiency-of-the-evidence analysis, however, requires a reviewing court to view the evidence in a light most favorable to the prosecution.

{¶16} Appellant's construction of the evidence somewhat "whitewashes" his actions. While he did not verbally threaten Mr. Eickert when he was confronted, he testified that when the loss-prevention officer attempted to handcuff him, he pulled his arm back and pushed the officer. Force does not necessarily require a defendant to pose actual or potential harm to victim(s). It merely requires, inter alia, a defendant to exert any violence physically by any means. Appellant's admission to pushing Mr. Eickert is physical violence.

5

**{¶17}** Moreover, Mr. Eickert testified appellant made an overt attempt to escape the store after attempting to commit a theft of a significant amount of merchandise. According to Mr. Eickert, the role of a loss-prevention officer is to, among other things, prevent theft of store merchandise. And Mr. Eickert and Mr. Thomas both testified appellant matched a suspect who had previously taken large amounts of merchandise from the store in the past. When appellant tried to flee the store, he stumbled after running into two combined clothing racks. In attempting to escape, appellant created a situation in which Mr. Eickert, by virtue of his role in loss prevention, was required to try and apprehend him. Mr. Eickert accordingly tackled appellant, and the loss-prevention officers attempted to restrain appellant as he resisted. When Patrolman Crank arrived on scene, he observed appellant, Mr. Eickert, and Mr. Thomas in a struggle.

**{¶18}** While appellant did not threaten the loss-prevention officers at first, he pushed Mr. Eickert after being confronted. In the ensuing scuffle, Mr. Eickert's hand was cut. We cannot say that appellant's actions of (1) pushing Mr. Eickert and (2) subsequently attempting to escape while resisting did not involve force. Similar to the actions of the defendants in *Muncy*, 2012-Ohio-2830, *Grega*, 2013-Ohio-4094, and *Pillow*, 2008-Ohio-6046, appellant physically exerted a form of violence against the loss-prevention officers. Under the circumstances, we hold a reasonable jury could conclude appellant's actions exhibited a form of violence to resist detention by the loss-prevention officers. Thus, there was sufficient evidence to meet the statutory element of force under subsection (A)(3) of the robbery statute.

**{¶19}** Appellant's first assignment of error lacks merit.

**{¶20}** His second assigned error reads:

6

{¶21} "The failure of the trial court to provide an instruction on the use of force necessary to commit the offense of robbery and of the lesser included offense of theft was reversible error."

{¶22} Here, appellant contends the trial court erred when, over defense counsel's objection, it failed to instruct the jury on the crime of theft, a lesser-included offense of robbery. Appellant maintains the trial court, in declining to so instruct the jury, usurped the fact-finder's role and deprived him of his constitutional right to a fair trial. We do not agree.

{¶23} The Supreme Court of Ohio has held:

{¶24} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot * * * ever be committed without the lesser offense * * * also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus.

{¶25} The Supreme Court of Ohio has additionally held "a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas,* 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus. If this test is met, the court *must* give the instruction. *State v. Shane,* 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992).

{¶26} In construing the evidence, the Supreme Court of Ohio has further held that a trial court may not engage in a weighing exercise. In *State v. Wilkins,* 64 Ohio St.2d 382, 415 N.E.2d 303 (1980), the Court held:

7

**{¶27}** The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to [the] defendant. *Id.* at 388.

**{¶28}** Here, there is no dispute that theft is a lesser-included offense of robbery. *See, e.g., State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶15. The question therefore is whether, without engaging a weighing exercise, the evidence would reasonably support an acquittal on the robbery charge and a conviction on the crime of theft. As discussed under appellant's first assignment of error, appellant conceded he pushed Mr. Eickert. Even viewing the evidence in a light most favorable to appellant, this testimony demonstrates, as a matter of law, the evidence would not support an acquittal on the robbery count. We therefore hold the trial court did not err in declining to instruct the jury on the crime of theft.

**{¶29}** Appellant's second assignment of error lacks merit.

**{¶30}** For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-T-0016