[Cite as *State v. Elliott*, 2023-Ohio-4377.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

JODY ANTON ELLIOTT,

       Defendant-Appellant.

**CASE NOS. 2023-T-0042**
**2023-T-0043**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2019 CR 00960
2019 CR 00164

**O P I N I O N**

Decided: December 4, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jody Anton Elliott*, pro se, PID# A790-114, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jody Anton Elliott, appeals the judgments of the Trumbull County Court of Common Pleas, denying his motions for jail time credit. For the following reasons, we affirm the judgments of the lower court.

**Case No. 19-CR-164**

{¶2} On March 25, 2019, in Trumbull County Court of Common Pleas Case No. 19-CR-164, Elliott was indicted by the Trumbull County Grand Jury on one count of Robbery in relation to an incident of theft where Elliott used force against loss prevention

officers. Following a jury trial, Elliott was convicted of the offense.

{¶3} The trial court issued a February 25, 2022 Entry on Sentence, ordering Elliott to serve a prison term of three years, consecutive to a term served in a separate matter, stated as Case No. 19-CR-560. The court ordered that he be given zero days of credit for time served. An Amended Entry on Sentence was issued on March 2, 2022, correcting the entry to run the time consecutive with Case No. 19-CR-960. In all other respects, the entry was unchanged. On appeal, this court affirmed Elliot's conviction. *State v. Elliott*, 11th Dist. Trumbull No. 2022-T-0016, 2023-Ohio-181.

{¶4} On May 17, 2022, Elliott filed a Motion For Nunc Pro Tunc Entry to Correct This Court's Error in Granting Jail Time Credit to the Wrong Case. He contended that the trial court "granted the Defendant 299 days of Jail Time Credit and included that in the Original Judgment Entry for Case No. 19-CR-164, but removed it when correcting the Judgment Entry." On May 17, 2023, the court denied the motion, finding Elliott had been given all necessary credit.

**Case No 19-CR-960**

{¶5} On December 30, 2019, in Case No. 19-CR-960, the Trumbull County Grand Jury issued an Indictment, charging Elliott with Robbery, Possession of Cocaine, Possession of Heroin, and Possession of a Fentanyl-Related Compound, relating to a confrontation over money and physical assault of a victim. The jury found Elliott not guilty of Robbery and guilty of the drug possession counts.

{¶6} At the sentencing hearing, the court ordered Elliott to serve consecutive prison terms of one year for each offense, for a total of two years. It found that he was entitled to 141 days of jail time credit.

{¶7}   On May 17, 2022, Elliott filed the same motion to correct jail time as described above.

{¶8}   On appeal, this court ordered a remand to the lower court "for the limited purpose of issuing a nunc pro tunc order incorporating the findings the trial court made in support of consecutive sentences at the sentencing hearing." *State v. Elliott*, 11th Dist. Trumbull No. 2021-T-0045, 2023-Ohio-412, ¶ 12.

{¶9}   On February 16, 2023, the court issued an Entry on Sentence Nunc Pro Tunc, which included additional findings relating to the consecutive sentences.  The entry restated the same finding that Elliott was entitled to 141 days of jail time credit.   On May 17, 2023, the court denied the request for jail time credit.

{¶10}  On appeal, Elliott raises the following assignments of error:

{¶11}  "[1.]  The Trial Court Erred to the Prejudice of the Appellant's Substantial Constitutional and Statutory Rights by Refusing to Apply Jail Time Credit to the Case in which it was Awarded.

{¶12}  "[2.]  The *Nunc Pro Tunc Entries* Purporting to 'Correct' the Consecutive Sentencing Order from Case No. 19-CR-560 to 19-CR-960, which Improperly Applied the Jail Time Credit Orders to the Wrong Cases, are Invalid as They 'Correct' the record to Represent What the Trial Court Should Have Done, rather than What the Trial Court Actually Did."

{¶13}  In his first assignment of error, Elliott argues that the trial court mistakenly awarded jail time credit in the wrong case numbers.  He contends: "As the original sentencing entries were issued approximately four months apart, the error in this case occurred when the trial court later re-issued entries in both cases, and somehow reversed

3

the orders regarding jail time credit, errantly applying the grant of jail time credit to 19 CR-164 * * * and adversely affects the Appellant[']s release date based upon the manner in which the ODRC applies jail time credit."

{¶14} R.C. 2929.19(B)(2)(g)(i) provides that the trial court shall "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2967.191(A) provides that "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

{¶15} Pursuant to R.C. 2929.19(B)(2)(g)(iii), the sentencing court "retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination" of jail-time credit and that "[t]he offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [of credit] and the court may in its discretion grant or deny that motion." "[A] trial court's denial of a motion to correct jail-time credit is reviewed under an abuse of discretion standard." *State v. Dorazio*, 11th Dist. Ashtabula No. 2023-A-0014, 2023-Ohio-3126, ¶ 12. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶16} Elliott contends: "[S]ince the Appellant was held in jail and granted jail time credit in case no 19-CR-960, and no jail time credit was granted in case no. 19-CR-164,

4

it is contrary to law, and error, for the sentencing court to issue judgement entries applying the jail time credit awarded in case no. 19-CR-960 to case no. 19-CR-164, where none was granted, and applying no jail time credit to case number 19-CR-960 where the jail time credit was awarded." Elliott's argument is that the trial court erred by initially determining jail time credit should be awarded in Case No. 19-CR-960 but then awarding that credit in Case No. 19-CR-164 in its nunc pro tunc entry. This is not consistent with the record before this court.

{¶17} In Case No. 19-CR-960, the court issued a September 21, 2022 Entry on Sentence, which stated that Elliott was "incarcerated in Trumbull County Jail * * * for a total of (141) days." Following an appeal, this court ordered the lower court to issue a nunc pro tunc entry remedying an unrelated error regarding consecutive sentencing findings. On February 16, 2023, the court issued a nunc pro tunc entry making this correction. It made no changes to the award of the jail time credit and the entry included the exact language of the prior entry as to the 141 days of credit.

{¶18} In Case No. 19-CR-164, the trial court issued an Entry on Sentence filed on February 25, 2022, which found that the "Defendant herein will receive zero (0) credit for time served pertaining to this case." On March 2, 2022, the court issued an Amended Entry on Sentence, in which it amended its finding that the sentence would run consecutive to "Case No. 19-CR-560," correcting the case number to "Case No. 19-CR-960." It made no changes as to the finding of zero days of jail time credit. The record contains no entries or other documents indicating that the court changed its jail time credit findings in either case at any time. There is nothing to indicate that the court "reversed" the orders regarding jail time credit when issuing the nunc pro tunc entries. Thus, he is

5

not entitled to his requested relief of an order that the trial court "re-impose the original judgment entries in both cases."

{¶19} While Elliott argued in his motion for jail time credit that the trial court had initially awarded 299 days of jail time credit in Case No. 19-CR-960, there is nothing in the record to indicate the court ever awarded 299 days of credit in either of the cases pending here. Further, although he contends in his reply brief that he requests as relief an order that "the trial court * * * issue a new Entry specifically declaring the Appellant is entitled to 299 days of jail time credit in Case No. 19-CR-960," he does not explain why he was entitled to 299 days of jail time credit. The court stated the periods of time for which Elliott was entitled to jail time credit in that case: November 2, 2019 to January 2, 2020; January 6, 2020 to March 3, 2020; June 12, 2020 to June 29, 2020; and September 1, 2021 to September 3, 2021. A review of the record indicates that these were the periods during which Elliott was incarcerated in Case No. 19-CR-960 and he was properly given 141 days of credit.

{¶20} Elliott also "note[s] that although zero credit was granted in 2019-CR-164, the Trial Court hand-noted jail time credit on both Judgment Entries" in each of the two cases. The sentencing entries and the entries ruling on the motions for jail time credit made part of the record in these cases do not have any hand-noted jail time credit or other notations. We observe that copies of the entries ruling on the request for jail time credit attached to Elliott's motion for preparation of transcript have hand-written notations with numbers of days on the top but these are merely copies he attached to a filing. It is unclear who made such notations but they are not the original entries filed by the trial court.

6

Case Nos. 2023-T-0042, 2023-T-0043

{¶21} The first assignment of error is without merit.

{¶22} In his second assignment of error, Elliott argues that the trial court could not use nunc pro tunc entries to alter the amount of jail time credit since such entries may only be used to correct a mistake rather than change the action taken by the court.

{¶23} Crim.R. 36 permits a trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." Errors subject to correction nunc pro tunc include "a clerical error, mistake or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." (Citations omitted.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. "Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.* "The purpose of a *nunc pro tunc* order is to have the judgment of the court reflect its true action." *McKay v. McKay*, 24 Ohio App.3d 74, 75, 493 N.E.2d 317 (11th Dist.1985).

{¶24} The trial court did not change the jail time credit awarded as explained above. The nunc pro tunc entries were issued for different reasons and did not alter the action of the court or what it intended to decide as to jail time credit. The correction of the reference to Case No. 19-CR-560, rather than 19-CR-960, merely addressed a clerical error. It is evident the trial court intended to run the sentences in 19-CR-164 and 19-CR-960 consecutively, since they were the only cases involving Elliott pending before the court at that time and Elliott had no charges under a case number 19-CR-560. It has been held that the misstatement of a case number when imposing consecutive sentences is the type of clerical error that may be corrected with a nunc pro tunc entry. *State v.*

7

*Kilgore*, 10th Dist. Franklin No. 11AP-660, 2012-Ohio-1316, ¶ 12.

{¶25} Elliott also argues that the trial court lacked jurisdiction to issue a nunc pro tunc entry in 19-CR-164 since it did so while an appeal was pending before this court.

{¶26} In Case No. 19-CR-164, Elliott filed his notice of appeal on March 2, 2022, and it was entered onto the docket. Subsequently, on the same day, the court's nunc pro tunc entry was filed and entered onto the docket. It is accurate that a notice of appeal can deprive the trial court of jurisdiction to issue a nunc pro tunc entry. *See State v. Biondo*, 11th Dist. Portage No. 2009-P-0009, 2009-Ohio-7005, ¶ 18 (finding a nunc pro tunc entry issued after notice of appeal was filed to be invalid).

{¶27} However, courts have consistently evaluated this issue in light of the well-established consideration that a "trial court retains jurisdiction over issues not inconsistent with an appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. It has been held that, where the court issued a nunc pro tunc entry that did not affect the appellate court's resolution of the appeal, such entry was not invalid. *Lucas v. Byers*, 11th Dist. Lake No. 2020-L-122, 2021-Ohio-2467, ¶ 17 (rejecting the argument that the court lacked jurisdiction to issue a nunc pro tunc entry while an appeal was pending because the challenge on appeal did not relate to the matters clarified in the nunc pro tunc entry); *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-5990, ¶ 16-17 (correction of a clerical error in stating the level of offense was not inconsistent with appellate court's jurisdiction); *Kilgore* at ¶ 9-12 (upholding a nunc pro tunc entry issued after notice of appeal had been filed). Here, the court merely corrected the case number with which the sentence would be served consecutively. The appeal in 19-CR-164 raised issues relating

8

only to the sufficiency of the evidence and the jury instruction relating to use of force. No errors were raised relating to sentencing or that would otherwise be impacted by the court's correction of the case number. This change was not inconsistent with this court's jurisdiction and, thus, the nunc pro tunc entry is not invalid. *See Lucas* at ¶ 17.

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the judgments of the Trumbull County Court of Common Pleas, denying Elliott's motions for jail time credit, are affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.