[Cite as *Lucas v. Byers*, 2024-Ohio-1341.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JASON C. LUCAS,<br><br>Plaintiff-Appellant,<br><br>- vs -<br><br>LINDSAY N. BYERS,<br><br>Defendant-Appellee. | CASE NO. 2023-L-093<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Juvenile Division<br><br>Trial Court No. 2016 CV 00054 |

**O P I N I O N**

Decided: April 9, 2024
Judgment: Affirmed

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellant).

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Defendant-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (Guardian Ad Litem).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Jason Lucas, appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, modifying its order of supervised visitation. For the following reasons, we affirm the judgment of the lower court.

{¶2} In January 2016, Lucas filed a complaint requesting allocation of parental rights and responsibilities of the parties' minor child, D.L., born in 2015. Defendant-appellee, Lindsay Byers, was designated residential parent in January 2017.

{¶3} Following a trial on Lucas' subsequent motion for custody, the court issued a December 31, 2019 order, finding that the child's best interests would be served by designating Lucas as sole residential parent and legal custodian, noting that Byers had taken the child to various doctors based upon a belief of abuse by the father and, although the allegations were found to be unsubstantiated, continued to take the child for treatment. It ordered that Byers have parenting time for a minimum of six hours per week to be supervised by Anna Tyrrell and paid for by Byers. It ordered that the parties attend joint therapy to address communication issues. It required Byers to complete an intensive outpatient program at Psych BC. It stated its "intention to have Mother's visitation * * * become unsupervised as soon as is practical/possible." It further provided: "As of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V." This judgment was affirmed by this court in *Lucas v. Byers*, 11th Dist. Lake Nos. 2020-L-110, et al., 2021-Ohio-246. The court subsequently issued a nunc pro tunc entry on November 24, 2020, adding the text in bold: "**If the foregoing conditions [relating to therapy and treatment] are complete** as of August 27, 2020, Mother shall have parenting time pursuant to Lake County Ohio Juvenile Rule V," which was also affirmed. *Lucas v. Byers*, 11th Dist. Lake No. 2020-L-122, 2021-Ohio-2467.

{¶4} On April 9, 2022, Byers filed a Motion to Modify Parenting Time. A trial commenced on the motion on September 12, 2022. The following pertinent testimony and evidence were presented:

{¶5} Ann D'Amico, the parenting coordinator, testified that she met with both parents on one occasion. She testified that Byers answered all questions and complied with anything required by her. D'Amico had not made a recommendation regarding

2

Byers' parenting time because she felt she did not have sufficient information to do so. She testified that she needed at least one additional meeting with the parents and another contact with the visitation supervisor, Anna Tyrrell.

{¶6} Byers testified that she attended joint therapy with Dr. Neuhaus on several occasions. Since the last joint session, she had not received any communication from his office. She contacted Psych BC but was not able to enroll in intensive outpatient treatment (IOP), although she completed an IOP program at Highland Springs addressing coping skills for dealing with trauma. She also regularly sees a therapist.

{¶7} Byers testified that she had not had visitation with her child since March 2020 because she cannot afford to pay the cost of $2,000 a month. Lucas does not allow her to speak with their child on the phone but does allow her to send him weekly packages. Byers works at a restaurant five hours a week and has not attempted to obtain full-time employment because she is "hoping to get [her] son back."

{¶8} Lucas testified that he had followed the trial court's order on visitation. During his testimony, the court inquired: "Would you have any problem with [supervised visitation at] Safe and Sound?" Lucas responded: "No, I have no problem with anything this court orders."

{¶9} Anna Tyrrell testified that she had most recently supervised visitation in March 2020. She offered to supervise shorter visits or video visits due to the cost but Byers did not take her up on the offer. She testified that she "didn't think it was appropriate to expand the visits" because three hours was "a little long" for the child and she had "some concerns about some of the visits" but she did not elaborate on these concerns.

{¶10} During the course of the trial, Dr. Neuhaus was subpoenaed but did not

3

appear because of a family emergency. The matter was continued and Dr. Neuhaus was again subpoenaed but did not appear.

{¶11} The February 10, 2023 Magistrate's Order, subsequently adopted by the trial court, made the following pertinent findings: the parenting coordinator had not been able to monitor Byers' progress on therapy and counseling and did not have a recommendation as to parenting time because she lacked sufficient information; mother testified that she discontinued parenting time because she could not afford it; joint therapy with Dr. Neuhaus occurred but the last session was in December 2020; mother completed an IOP at Highland Springs; Byers receives mental health treatment from Dr. Seaman; and Lucas "testified he has no objection to supervised visitations occurring at Safe and Sound Visitation Center." It concluded that it was not in the best interest of the child that Byers be granted Rule V parenting time, but that "some of the specific orders contained in the JE ought to be eliminated or modified given the lack of progress by the parties in complying with those orders." It found that if the judgment remained unmodified "th[e]n Mother may never have meaningful contact or parenting time with the minor child." It found that Byers shall have supervised visitation at a minimum of 6 hours a week, to be provided at Safe and Sound; that the order to attend joint therapy is rescinded; and that the order to complete IOP at Psych BC is rescinded. It ordered that mother continue therapy with Dr. Seaman and sign necessary releases of information relating to her therapy to the parenting coordinator.

{¶12} Lucas timely appeals and raises the following assignment of error:

{¶13} "The trial court erred in modifying its December 31, 2019 judgment entry due to Appellee's willful failure to comply with that Order."

4

{¶14} Lucas raises various arguments that the court abused its discretion in amending its visitation order. First, he argues that the court erred in terminating its order that Byers have her parenting time supervised by Anna Tyrrell, arguing that Byers discontinued visitation because she "could not manipulate or control Tyrrell" and the decision "steamrolls Tyrrell's concerns about Byers, by allowing Byers to seek out a more malleable parenting-time supervisor" and "rewards" her decision to terminate visitation with her child.

{¶15} Decisions on visitation, including rulings on motions to modify, are reviewed for an abuse of discretion. *In re J.S.*, 11th Dist. Lake No. 2011-L-162, 2012-Ohio-4461, ¶ 19. This standard has been found to be "particularly appropriate" in cases involving issues relating to visitation with children "since the trial judge is in the best position to determine the credibility of the witnesses and there 'may be much that is evident in the parties' demeanor and attitude that does not translate well to the record.'" (Citation omitted.) *In re T.J.T.P.*, 11th Dist. Ashtabula Nos. 2018-A-0042 and 2018-A-0043, 2019-Ohio-837, ¶ 15, citing *In re A.M.*, 11th Dist. Trumbull No. 2016-T-0051, 2016-Ohio-8433, ¶ 23. An abuse of discretion is the "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶16} "Modifications to parenting time or visitation are governed by R.C. 3109.051(D)." *Hynd v. Roesch*, 11th Dist. Ashtabula No. 2016-A-0065, 2017-Ohio-7448, ¶ 15. Pursuant to R.C. 3109.051(D), the trial court shall consider the factors therein to determine the best interest of the child. *Cireddu v. Clough*, 11th Dist. Lake No. 2013-L-092, 2014-Ohio-2454, ¶ 77. These factors include, inter alia, the relationship of the child

5

with the parents, the mental and physical health of all parties, the safety of the child, and the willingness of the parents to facilitate parenting time. "A noncustodial parent's right of visitation with his children is a natural right and should be denied only under extraordinary circumstances." (Citation omitted.) *Eitutis v. Eitutis*, 11th Dist. Lake No. 2009-L-121, 2011-Ohio-2838, ¶ 81.

{¶17} Here, the court modified aspects of its supervised visitation order, properly stating that it considered the required factors under R.C. 3109.051(D). We do not find that these orders were an abuse of discretion. First, as to the order that changed the requirement to have visitation supervised by Safe and Sound rather than Tyrrell, we initially note that the magistrate asked Lucas if he "would * * * have any problem with Safe and Sound" to which he responded, "No, I have no problem with anything this court orders." "The invited error doctrine precludes a litigant from taking advantage of an error that he himself invited or induced." (Citation omitted.) *Cronin v. Cronin*, 11th Dist. Lake No. 2011-L-134, 2012-Ohio-5592, ¶ 34. *See Perko v. Perko*, 11th Dist. Geauga Nos. 2001-G-2403, et al., 2003-Ohio-1877, ¶ 23 (a party cannot raise as errors actions which were agreed to before the magistrate). The magistrate was told by Lucas that he did not oppose an order that visitation shall be supervised by Safe and Sound, upon which it can be determined the magistrate relied.

{¶18} Regardless, even in the absence of a determination that there was invited error, we find no abuse of discretion. The change in the visitation order still requires that the visits be supervised. It only alters who will conduct the supervision. There is no reason to find that this places the child at any risk such that it would violate the best interest standard and we discern nothing in the record that indicates why Tyrrell must

6

supervise the visits rather than Safe and Sound. While Lucas argues that Tyrrell expressed concerns about the visitations and Byers does not want visitation with her because she cannot "manipulate" Tyrrell, it is unclear from her testimony what these concerns were or why any concerns with visitation would not be adequately addressed by Safe and Sound when monitoring visitation. The magistrate clearly took into consideration the cost associated with Tyrrell supervising visitation, expressing concern that Byers had not been able to maintain meaningful contact with her child. Weighing the impact of the change in visitation supervisor against Byers' right to visit with her child as well as the child's inability to have access to his mother, the court was within its discretion to modify this order. As noted above, a parent's right to visitation should only be denied in extraordinary circumstances "such as unfitness of the noncustodial parent or a showing that visitation with the noncustodial parent would cause harm to the children." *In re B.J.*, 11th Dist. Geauga No. 2009-G-2933, 2010-Ohio-2284, ¶ 52.

{¶19} Lucas also argues that it was error for the court to end joint therapy since there was no evidence the parties had successfully completed those sessions or are able to successfully communicate.

{¶20} The record is unclear as to how the joint counseling impacted the parties as Dr. Neuhaus did not respond to the subpoenas to provide any testimony as to its success, although the hearing was scheduled for an additional date to secure his appearance. The court was within its discretion to determine that counseling was no longer necessary or that visitation could be accomplished without requiring joint therapy. The counseling was ordered to improve the parties' communication but it is certainly not required that the parties continue to undergo such counseling if the court decided it was no longer a

7

Case No. 2023-L-093

worthwhile objective, particularly where the counseling had been ordered to be completed with Dr. Neuhaus, who failed to appear before the court or contact the parties for additional counseling sessions. We reiterate that a review by the appellate court on matters regarding custody and visitation is "extremely limited and this court cannot substitute its judgment for that of the trial court where it is supported by evidence in the record and reasons provided by the trial court." *Backer v. Backer*, 2015-Ohio-5334, 54 N.E.3d 816, ¶ 25 (11th Dist.).

{¶21} Finally, Lucas argues that the court abused its discretion by failing to require that Byers provide the guardian ad litem with releases for her ongoing therapy and IOP at Highland Springs, which prevents the guardian ad litem from being fully aware of the circumstances of the case.

{¶22} We do not find an abuse of discretion. The guardian ad litem testified that although he was previously appointed guardian ad litem in this case, the parties had not sought an order reappointing him subsequent to the prior disposition of custody. Thus, it would appear he does not need to review information relating to Byers' therapy. Nonetheless, as to this ongoing therapy, the court required that releases be provided to the parenting coordinator, who had been ordered to monitor Byers' progress on therapy and counseling. This ensures that this progress is being monitored and continues to address concerns that were raised precipitating the order that Byers participate in therapy. Further, as to the IOP, Byers testified as to the nature of this program and provided a certificate of completion to the court, which the court evidently found sufficient to demonstrate her participation in the IOP.

{¶23} Regarding each of the orders with which Lucas takes issue, we find the

8

Case No. 2023-L-093

court properly exercised its discretion in determining the best interest of the child in regard to visitation and determining the grounds under which visitation would be appropriate. Given the experience the court has with the parties and circumstances of this matter through multiple trials and proceedings, it was in the best position to determine the conditions to be placed upon visitation. *See In re T.J.T.P.*, 2019-Ohio-837, at ¶ 15.

{¶24} The sole assignment of error is without merit.

{¶25} For the foregoing reasons, the judgment of Lake County Court of Common Pleas, Juvenile Division, modifying its order of supervised visitation, is affirmed. Costs to be taxed against appellant.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

9